## THE CAIRO AND ST. LOUIS RAILROAD COMPANY
### v.
### GUSTAVUS KOERNER ET AL.

ATTORNEY—ABANDONMENT OF CASE.—When an attorney accepts employment in a case, in the absence of a special contract to the contrary, the law implies an obligation on his part to attend to it until it is determined, and he cannot abandon it without just cause. He may demand payment of fees already earned, and if not paid, may upon reasonable notice withdraw from the case; but a refusal to pay some other demand will not justify him in leaving the case.

ERROR to the Circuit Court of St. Clair county; the Hon. WM. H. SNYDER, Judge, presiding.

Messrs. JUDD & WHITEHOUSE, for plaintiff in error; that the admissions of an officer of a corporation, made in the exercise of his duties, and concerning a matter within the scope of his authority only, are admissible against the corporation, cited C. B. & Q. R. R. Co. v. Coleman et al. 18 Ill. 297.

An instruction assuming that certain material facts in

C. & St. L. R. R. Co. v. Koerner et al.

dispute have been proved, is erroneous: Duffield v. Delancy, 36 Ill. 258; Farnan v. Childs, 66 Ill. 544; Cusick v. Campbell, 68 Ill. 508; Chicago v. Scholten, 75 Ill. 468.

Mr. L. D. TURNER, for defendants in error; that where a client stands by and permits professional work to be done by an attorney under the direction of his attorney, he assents thereto by his silence and acquiescence, cited Eggleston et al. v. Boardman, The Reporter, June, 1878, 724.

. ALLEN, J.    The record in this case shows that defendants in error commenced an action of assumpsit against plaintiff in error in the St. Clair Circuit Court, returnable at the April term, 1876.    In their declaration filed in the case, they ask a recovery for legal services in the sum of $2,500.    There is no itemized account filed with the declaration, or in the case ; but simply an account for legal services, $2,500.    A trial was had under this declaration, and a plea of the general issue before a jury, resulting in a verdict for defendants in error of $1,675.

The defendants in error claim fees for legal services in Chestnutwood v. Plaintiff in error, and for services in County Court, $1,000, on which they admit a payment of $750; also for services in Waterloo township, $1,000, and in Holbrook survey case, $125; also in case of People ex rel. Cairo & St. Louis Railroad Co. v. Depegt et al., $100; to making application for re-hearing in Cairo & St. Louis Railroad Co. v. Holbrook, $25, and also to legal services in injunction case of Holbrook, then pending and undetermined in the City Court of Alton, $500. Over this last item the principal controversy arises.

The court permitted the defendants in error to introduce evidence of the value of their services in this case while the cause was still pending and undetermined.    Plaintiff in error objected to the evidence, on the ground that the relation of attorney and client still existed; that no reasonable notice of a withdrawal from the case had been given to plaintiff in error, and no bill for this service had been rendered by defendants.

Whether this evidence was proper on this trial must be

dependent upon the facts and circumstances developed in its progress. The witness, G. A. Koerner, states the employment: says that they had not given defendant notice that such employment would not be continued; had never made or presented any bill for such services, or demanded the same, but that he told Searls, the attorney of the company, "just before this trial began, that if the defendant would not pay us our demands for the old cases, that we would withdraw from this case at Alton, and put in our bill for it."

G. Koerner says in his evidence: "This forenoon I told Mr. Searls that unless our full amount was paid, or if we had to go on with the suit to get our pay, that we would withdraw from the Holbrook injunction case, and put our charges for that case into this suit." "I told Searls, when he filed his plea, that after what had passed between the company and him, and between us, I considered the idea of defending the case as very strange, and to urge us into a trial as an offense and insult to us, intimating very strongly that if he did not withdraw the plea we would have no more to do with the company, and claim for all our services." We never made any bill to the defendant for such services, or asked defendant for any pay upon that account, and gave defendant no notice of our intention to withdraw from the suit, until the conversation above alluded to with Mr. Searls. We felt justified in doing so, because the defendant would not pay our bill in the other cases, and thus compelled us to go into this trial, which is unpleasant to us."

It is manifest from this evidence that the purpose to set up a claim for services in this suit did not exist when this suit was brought, but that it arose from causes occurring during the progress of the suit. We understand that when an attorney takes an employment in a case, unless there is some special contract to the contrary, the law implies an obligation to attend to it until it is determined; that he cannot abandon it without just cause; that he may demand the payment of fees already earned, and that if not paid upon reasonable notice he may withdraw from the case. 2 Greenl. Ev. § 142.

In this case no notice was given until during the progress of

C. & St. L. R. R. Co. v. Koerner et al.

the trial in court.    No bill had been rendered, no demand of fees for this service, but if notice had been given, the reason assigned for withdrawing is not such as is recognized by the law.    The same authority referred to above holds that a refusal to pay some other demand or liability will not justify an attorney in withdrawing from the case.    So that in either view of the case it was error to admit the evidence to go to the jury.    It is insisted by counsel for defendant that the evidence, independent of that in relation to the Holbrook injunction case, authorized the jury to find the verdict for $1,675, and that the jury must have left out of view the $500 charge in that case, else their finding would have been for a larger sum.

If there had been no conflict in the testimony as to the value of the other services rendered we might with some degree of certainty arrive at that conclusion, but as there was no special finding by the jury on that question, and as there was conflicting testimony as to the value of the other services, we do not feel authorized to conclude that the jury did not consider this $500 charge as well as others.

Again, the court permitted plaintiff in error to ask Buckston, a witness, whether the facts in proof would justify defendants in withdrawing from the Holbrook case, and (over the objection of defendants) the court permitted the witness to answer that "in his opinion they would."    Now, whether they would or not justify a withdrawal was a question of law, and the opinion of the witness ought to have been excluded from the jury.

For these reasons the judgment of the Circuit Court is reversed and the cause remanded.

Reversed and remanded.