### Ella Scott, Administratrix, v. Edward H. Morris.

#### Gen. No. 13,073.

1. REVIEW—*when record shows nothing for.* Where a case has been tried by the court without a jury and no propositions of law nor exceptions to the rulings of the court upon the evidence appear in the record, no questions of law are raised and there is nothing for review.

2. ATTORNEY AND CLIENT—*extent and character of lien of former.* An attorney has a lien upon all papers of a client in his hands as such for the payment of his lawful charges, regardless of the particular purpose for which they were entrusted to the attorney's keeping.

3. VOLUNTARY PAYMENT—*what is.* Where a claim proved against a deceased's estate is paid by the administrator with full knowledge of all surrounding conditions, including the insolvency of the estate, the payment will be deemed voluntary and no part thereof can be recovered.

Action of *assumpsit.* Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1906. Affirmed. Opinion filed March 5, 1907.

JAMES E. WHITE, for appellant; JAMES S. NELSON, of counsel.

JOHN G. JONES, for appellee.

Mr. JUSTICE HOLDOM delivered the opinion of the court.

Edward H. Morris, the appellee, is a lawyer at this bar, and was for twenty years prior to the death of appellant's intestate, Daniel Scott, the attorney of said Scott. It seems Scott was a man interested in business enterprises in Chicago and had occasion for legal services, and that Morris was the lawyer to whom he steadily applied and whose services he engaged whenever he needed legal advice or assistance. When Scott died he was indebted for legal services and disbursements in and about suits, etc., made, paid and rendered by Morris in the sum of $553. Morris had in his custody papers and documents belonging to Scott, among which was a $4,000 note payable to Scott's order and secured by a real estate mortgage.

In due course of administration of Scott's estate Morris filed, proved and had allowed by the Probate Court his claim against Scott's estate in the sum of $553. Thereafter appellant, as administratrix of Scott's estate, paid Morris his claim in full; took his receipt for it and a surrender of the $4,000 note and all other papers belonging to Scott in Morris' hands, which he acquired while the relation of attorney and client existed between him and Scott.

It was subsequently ascertained and so declared by order of the Probate Court, that the estate of Scott was insolvent; its assets were insufficient to pay the amount of the claims established and allowed against it. The dividend paid on claims of the 7th class, in which class Morris had his claim allowed, was 5 cents and 5 mills per one hundred dollars. Thereupon appellant brought this suit to recover back from Morris the difference between this dividend upon his claim and the amount paid, which was $525.07. A trial before the court without a jury resulted in a finding for appellee, and this appeal is prosecuted in an effort to reverse that finding and judgment.

Neither propositions of law nor exceptions to the rulings of the court upon the evidence appear in the record, so that neither questions of law nor errors in admission or exclusion of evidence by the trial judge is before us for review. Boehm v. Griebenow, 78 Ill. App. 675. Due objection and exception, however, were made and preserved to the overruling of the motion for a new trial and the entering of judgment upon the finding, which raises the single point for decision— does the evidence heard by the trial court support the judgment?

As there is no dispute in relation to the facts above recited, it follows that the evidence is ample to support the judgment, unless there is some principle of law—which, in the condition of the record, we are not called upon to decide—which if properly applied to these facts will operate to defeat a recovery.

We will waive the irregularity in the record and proceed briefly to an examination of the law controlling the facts.

An attorney has a lien upon all papers of the client in his hands as such for the payment of his lawful charges, regardless of the particular purpose for which they were entrusted to the attorney's keeping. Sanders v. Seelye, 128 Ill. 631; Weeks on Attorneys, Sec. 371. The lien thus attaching continues until the attorney's charges are liquidated, or he voluntarily surrenders the papers with or without payment. The fact that the attorney had a lien on the papers as security for his charges in no way limited him in adopting any other legal course open to him to procure payment of his charges, and none of such avenues were closed to him by reason of his holding security in virtue of the lien which the law gave him upon the papers in his possession belonging to his late client. Jones on Pledges, 587. The papers held by Morris were in value largely in excess of his claim, for, as the evidence shows, they were sold by appellant after their surren-

der to her by appellee on payment of his claim, for $1,602.51 in excess of the sum paid Morris; so that the estate of Scott was benefitted to the extent of this excess by the payment of Morris' claim. Morris would have had a right to proceed and sell the security to pay his claim if appellant had failed to make redemption by paying it. Levy v. Chicago National Bank, 158 Ill. 88.

Morris waived no right and lost no remedy by having his claim allowed by the Probate Court as a claim of the seventh class. Furness v. Union National Bank, 147 Ill. 570.

The uncontroverted proof is that appellant paid Morris' claim voluntarily, of her own free will, without protest or demur, took his receipt therefor and a surrender of his security. She is now estopped from assuming any position contrary to that indicated by her actions. In no event could she disclaim her actions on any theory, however equitable, without first restoring the *statu quo* by redelivering to Morris the securities with which he parted on payment of his claim, or offering to do so. No offer of this character has been made.

With full knowledge of all the conditions, including that of the insolvency of Scott's estate, which, as administratrix, and also by the record, is imputable to her, she paid the claim and received the security. It is a voluntary payment, and under the law controlling voluntary payments no recovery could be had against Morris in the suit, from the judgment in which this is an appeal. Gordon v. Johnson, 186 Ill. 18.

The Supreme Court said in Elston v. Chicago, 40 Ill. 514: "No case can be found where money has been voluntarily paid with a full knowledge of the facts and circumstances under which it was demanded, which holds that it can be recovered back upon the ground that the payment was made under misapprehension of the legal rights and obligations of the party

paying, and it is invariably held that a payment is not to be regarded as compulsory unless made to relieve the person or property from an actual or existing duress imposed upon him by the party to whom the money is paid, and such is the tenor of all the cases cited by appellant. No well considered case anywhere has proceeded upon different principles.'' Conkling v. Springfield, 132 Ill. 420.

Neither mistake of law, duress, nor compulsion is pretended to have entered into the transaction in the payment of Morris' claim; it is therefore evident that appellant is concluded by her then acts in voluntarily paying the same. Less she could not do in justice to appellee, and the due conservation of the interests of the estate committed to her care for administration.

Appellant is without claim against appellee for a return of any part of the money paid in satisfaction of his claim proven in the Probate Court, and the judgment of the Circuit Court must be and is affirmed.

*Affirmed.*