Leslie A. Needham, Appellant, v. Wilbur Glenn Voliva, Appellee.

### Gen. No. 20,368.

1. ATTORNEY AND CLIENT, § 150*—*when lien not enforceable.* Equity has no jurisdiction to adjudicate an attorney's possessory or retaining lien, which is defined as a mere right to retain possession of property belonging to the client which comes into the attorney's hands within the scope of his employment until his charges are paid.

2. ATTORNEY AND CLIENT, § 144*—*what property covered by lien.* An attorney's possessory lien covers property of any kind belonging to the client and held by the attorney, including legal documents or money collected.

3. ATTORNEY AND CLIENT, § 138*—*when statute as to lien does not apply.* The Attorney's Lien Act of 1909 (J. & A. ¶ 611) was not intended to apply to the establishment of attorneys' liens upon papers or securities belonging to their clients which come into their possession in the ordinary course of business.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded with directions. Opinion filed January 26, 1915. Rehearing denied February 6, 1915.

JOHN B. DANDRIDGE, for appellant.

C. P. BARNES, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE SMITH delivered the opinion of the court.

Leslie A. Needham, appellant, filed this bill against Wilbur Glenn Voliva for the adjudication of an attorney's lien under the Attorney's Lien Act, upon a certain note and trust deed of the defendant, Voliva, in the possession of the complainant, for services alleged to have been rendered by the complainant to the defendant. The bill specifically claims a lien upon the note and trust deed under the Attorney's Lien Act. It prays, however, for general relief.

The defendant answered the bill, denying many of its averments, and denying that the defendant sought the advice of counsel of complainant with reference to some things stated in the bill. In other matters the answer shows payment for the services rendered. The answer further sets up that George W. Field was acting as defendant's solicitor, and that Field had prepared a notice of application to the Federal Court for the purpose of securing a certain order of court, and that Field, being unable to be present, without the knowledge of this defendant, employed the complainant to appear for him as well as the defendant in that matter; that complainant was acting as much or more for the receiver in the cause as for complainant, and that the receiver paid him.

The answer admits that the defendant became the owner of the notes and mortgage set up in the bill, upon which note and mortgage the complainant seeks to obtain a lien, the note for $1,700 and trust deed securing the same bearing date August 27, 1906. The defendant avers that in July, 1911, he being still the owner of the note and trust deed and desirous of foreclosing the same, delivered the papers to his attorney, George W. Field, for the purpose of having a bill prepared for foreclosure. It appears from the answer that Field was unable to attend to the matter and employed the complainant to prepare the bill and delivered the papers to him for that purpose; but the bill

was not prepared by the complainant, and it is denied that the complainant has any lien upon the same or a right to withhold the same from the defendant. The answer specifically denied the services rendered and the value thereof.

The case was referred to a master, and upon the master's report, exceptions thereto and the evidence contained therein, a decree was entered, dismissing the bill for want of equity.

Appellant urges in his brief and argument that there are only two grounds of possible equity jurisdiction in the case. The first is, that one may resort to equity to adjudicate the validity of a common-law retaining lien. The second ground is, that the Attorney's Lien Act of 1909 (J. & A. ¶ 611) creates a lien as against the client without the service of the notice provided for in the statute.

In our opinion equity has no jurisdiction to adjudicate a possessory or retaining lien. That lien is defined as the attorney's right to retain possession of property belonging to his client which comes into his hands within the scope of his employment until his charges are paid. *Weed Sewing Mach. Co. v. Boutelle,* 56 Vt. 570. If the relationship of attorney and client exists, the possessory lien will cover in general any property of any kind belonging to the client and held by the attorney. It includes ordinary legal documents of the client in the possession of the attorney, or money collected by the attorney. 4 Cyc. 1015. The possessory lien is a right merely to retain, and cannot be actively enforced. 4 Cyc. 1023; *Compton v. States,* 38 Ark. 601; McKelvy's Appeal, 108 Pa. St. 615; *McDonald v. Charleston, C. & C. R. Co.,* 93 Tenn. 281; Jones on Liens, par. 132. In our opinion the court had no jurisdiction to adjudicate upon the possessory or retaining lien of complainant.

The second ground of relief relied upon by the complainant in his bill, that the Attorney's Lien Act of

1909 creates a lien as against the client upon the note and trust deed described in the bill, cannot be maintained even though it be conceded that the complainant was the attorney of the defendant.  While the Act of 1909 does not expressly or by implication repeal the common-law retaining lien, it does not in terms relate or apply to such a lien as is set forth in the bill of complaint and sought to be established or adjudicated thereby.  The Lien Act of 1909 gives the attorneys at law a lien upon all claims, demands and causes of action, including all claims for unliquidated damages which may be placed in their hands by their clients for suit or collection, or upon which suit or action has been instituted for the amount of any fee which may have been agreed upon between the attorneys and their clients, or, in the absence of such an agreement, for a reasonable fee for the services of such attorneys rendered or to be rendered for their clients on account of such suits, claims, demands or causes of action; and the act provides for the service of notice in writing upon the party against whom the clients may have such suits, claims or causes of action.  Giving the act a reasonable construction and having in mind the evident purpose sought to be accomplished by the legislature in passing the act, we are of the opinion that it was not intended to apply, and has no reference, to the establishment of attorneys' liens upon papers or securities belonging to their clients which come into their hands in the ordinary course of business.  No remedy is given in equity by the act to establish or enforce a lien upon any documents or writings.  A remedy by petition is provided under which any court of competent jurisdiction may adjudicate the rights of the parties, and enforce such lien as is contemplated in the act, and it has been held in *Sutton v. Chicago Rys. Co.*, 258 Ill. 551; that the attorney's lien provided for in the Act of 1909 may be enforced by petition in the client's cause wherein the employment was made, and

that the act contemplates that the attorney shall have a lien from and after service of notice on the defendant which shall protect him in any settlement thereafter made with the client, whether the suit is pending or has been finally determined by judgment.

In construing the statute, the Supreme Court, in *Baker v. Baker*, 258 Ill. 418, held:

"While the act is entitled as one creating an attorney's lien and for enforcement of the same, and while it in terms gives the attorney a lien for his fees, the lien created partakes but little of the elements and nature of the ordinary lien. It attaches to any verdict, judgment, decree, or the proceeds of any settlement. In other words, it is a lien upon the proceeds, only, of the litigation or settlement of the claim."

We are of the opinion that a bill will not lie under this act to establish and enforce an attorney's lien upon the papers in the attorney's hands. The act does not purport to cover such a lien.

The bill should have been demurred to for want of equitable jurisdiction to establish and enforce an attorney's lien either under the Act of 1909, or a mere possessory or holding lien under the common law.

The decree is reversed and the cause remanded with directions to dismiss the bill for want of jurisdiction. All costs of this appeal should be taxed against appellant.

*Reversed and remanded with directions.*