Stanley C. Armstrong and A. George N. Spannon, Appellees, v. Esther Zounis et al., Defendants. Appeal of Esther Zounis et al., Appellants.

Gen. No. 40,970.

Heard in the third division of this court for the first district at the October term, 1939. Opinion filed April 10, 1940.

WILLIAM ROGOFF and LOUIS BETTELHEIM, both of Chicago, for appellants.

STANLEY C. ARMSTRONG and A. GEORGE N. SPANNON, *pro se.*

MR. JUSTICE HEBEL delivered the opinion of the court.

The defendants appeal from the decree entered by the court in the proceeding instituted by the plaintiffs to foreclose an attorney's lien on certain real estate in Chicago. The decree is based upon the master's report as amended and finds that one Louis Zounis, deceased, in his lifetime, delivered to the plaintiffs two master's deeds, in each of which Zounis is the grantee to the premises respectively described therein and in

the complaint filed in this cause. It is further charged that the plaintiffs have a lien on the premises, which lien "constitutes a valid, charging, first, prior and sustaining lien" for the unpaid balance of $1,487.24, alleged to be due them from Louis Zounis, deceased, who is the ancestor of the defendants, as reasonable fees for legal services alleged to have been performed for the deceased in his lifetime, including costs advanced in his behalf, also for $594.83, which includes accrued interest on said balance since the death of Zounis on February 4, 1935, to June 20, 1939, and costs in this proceeding. The decree orders the sale of said real estate to satisfy the lien, and this appeal is from the order entered July 12, 1937, overruling the motion of one of the defendants to strike the complaint and dismiss the suit; and from the order entered April 29, 1938, referring said cause to a master in chancery instead of dismissing the same upon the complaint and the answers thereto.

The complaint filed by the plaintiffs on March 23, 1937, among other things alleges; that the plaintiffs performed certain legal services and advanced costs for Louis Zounis who agreed to pay a reasonable fee for such services; that the reasonable fee for services performed and costs advanced amounts to $3,050.38, of which the balance of $1,487.24 remains unpaid; that in the course of their employment, Louis Zounis delivered to the plaintiffs two deeds executed by masters in chancery of the superior court of Cook county, Illinois, conveying to Louis Zounis the real estate in said deeds and complaint described, and that said deeds were delivered to be kept by the plaintiffs until such time as Louis Zounis should pay the $1,487.24, but not later than January 1, 1935; that on February 4, 1935, Louis Zounis died and left him surviving as his heirs his widow, three daughters and one son; that the said son died on August 9, 1936, and left him surviving as

his heirs, his widow and one daughter. All these survivors were made parties defendant. The plaintiffs pray, in part, that an account be taken; that the plaintiffs be decreed to have a valid lien on the said real estate, and the rents, issues and profits thereof, and upon failure of the defendants to pay the alleged indebtedness, the premises be sold to satisfy the same.

On June 21, 1937, one of the defendants filed her written motion to strike the complaint and dismiss the suit, and sets forth that the plaintiffs have an adequate remedy at law; that the plaintiffs' cause of action is against the estate of Louis Zounis, deceased; that the lien claimed is a retaining lien, there being no statute in this State providing for foreclosure of the same, and extends only to the instruments alleged to be in their possession.

On July 21, 1937, the plaintiffs filed their verified bill of particulars particularizing their alleged services performed and claims for money set forth in the complaint.

On November 1, 1937, Bessie Palmer, one of the defendants, and on December 22, 1937, the other defendants, with the exception of Sarah Zounis and Claire Zounis, filed their verified answers to the complaint and bill of particulars, in which answers, in respect to the complaint, they deny that the plaintiffs have a lien to secure the payment of their fees, and that if they have any lien it extends only to the documents and not the real estate therein described; and deny that the plaintiffs are entitled to foreclose their alleged lien; and state that the documents belong to the estate of Louis Zounis, deceased, and are wrongfully withheld by the plaintiffs; they deny that the plaintiffs are entitled to relief, and state that the plaintiffs have an adequate remedy at law.

In respect to the bill of particulars, as to each separate item therein, the defendants state upon informa-

tion and belief that they have been paid; of that the defendants have no knowledge sufficient to form a belief to either admit or deny, but demand strict proof as the case may be.

The answer as an affirmative defense, further states, "that if plaintiffs had pursued their remedy at law and had succeeded in proving their claim, they would have obtained judgment against the estate of Louis Zounis, deceased, which would have been paid, as the assets were more than sufficient to cover; that they failed to institute such suit; that there had been an adjudication in such estate; that more than one year has elapsed since the issuance of letters and that said estate is closed and that as a consequence plaintiffs are without remedy in this court, having failed to avail themselves of the remedy allowed by law."

The defendants point to the statement of facts that the plaintiffs claim they performed certain legal services and advanced costs for one Louis Zounis, deceased, in his lifetime, for which services said Zounis agreed to pay a reasonable fee; that he died on February 4, 1935, and at that time owed the plaintiffs a balance of $1,487.24 for services and costs advanced; that in the course of their employment the plaintiffs received from Louis Zounis, two master's deed in which Zounis was grantee to real estate in Chicago, and that Zounis delivered said deeds to the plaintiffs to be kept by them until the said amount was paid. The plaintiffs claim a lien, as we have indicated, for the alleged unpaid balance and interest thereon. The defendants' reply is that the estate of Louis Zounis was probated in the probate court of Cook county, and was solvent. Within two months after the death of Zounis, the plaintiffs had knowledge of the probate proceedings and sent two statements, but the plaintiffs never filed a claim in the estate for the alleged indebtedness, and the estate was subsequently closed.

From the master's report filed herein it appears that "the defendants heretofore filed their motion to strike the plaintiffs' complaint on the ground that it appears from the face of the complaint that the plaintiffs are attempting to foreclose real estate described in certain Masters' deeds the plaintiffs have in their possession and upon which Masters' deeds they have only a retaining lien; that attorney's liens on documents coming into their possession in the ordinary course of business and merely possessory in nature. The Court entered an order herein on July 12, 1937 overruling said motion. The Master concludes, therefore, that it is beyond the scope of the reference for him to render a conclusion of law contrary to the legal conclusion of the Court. It is, therefore, the RECOMMENDATION of the Master that *if the Court still maintains said ruling,* the plaintiffs are entitled to foreclose the lien of said Masters' Deeds upon the premises therein described for the balance due them as hereinabove indicated in the sum of $1,487.24.''

The defendants contend that where an attorney comes into possession of a deed to real estate conveyed to his client by a master in chancery, pursuant to foreclosure proceeding previously handled by the attorney, such possession, whether obtained in the course of his employment, or delivered to him by his client for an unstated purpose, does not give the attorney a lien on the real estate for his unpaid fees, but merely gives him a retaining lien on the deed, whereby he may hold the deed until his fees are paid.

The plaintiffs' reply, however, is that an attorney has a lien for his fees upon all papers or money in his possession belonging to his client, and where there is a legal right there ought to be a remedy to enforce such a legal right; that the lien of an attorney for his reasonable fees is impressed by the *res* concerning which the attorney has rendered services. Such a re-

lationship gives rise to an implied or equitable lien or trust for the security and the ultimate compensation of the attorney.

In the case of *Sanders v. Seelye,* 128 Ill. 631, the Supreme Court upon the question of attorneys' liens on papers, documents, etc., retained by the attorney until his services have been paid for, said:

"Attorney's liens are classed as general (or retaining) liens, and charging (or special) liens. The first attaches to all papers, documents, etc., which he receives professionally; the second only upon that which is recovered through his professional services. This latter right of lien has been ·denied by this court in several cases. In *Humphrey v. Browning,* 46 Ill. 476, it was held that he had no lien upon real estate recovered in ejectment; in *Forsythe v. Beveridge,* 52 Ill. 268, that he had no such lien upon a judgment recovered; and so in each of the other cases cited by counsel, it was held that no lien existed in his favor upon the subject matter of the suit. Although expressions are used in the opinions in some of these cases which seem to deny an attorney's right to the retaining lien also, in none of them was that question before the court, nor was it decided. It is now therefore to be treated as an open question in this State.

"That it is a well established common law right, must be conceded. *Stephen v. Blacklock,* 1 M. & S. 535; *St. John v. Dufendorf,* 12 Wend. 261; *Bennett v. Cetts,* 11 id. 163; *Walker v. Sargeant,* 14 Vt. 247; *Ward v. Craig,* 87. N. Y. 551. No reason is perceived for denying the existence of that right in this State. There is nothing in our statute which changes the common law relations between attorneys and their clients in such a manner as to affect this right, nor are we able to see wherein this rule of the common law is inapplicable to 'the habits and conditions of our society, or contrary to the genius, spirit and objects of

our institutions.' We therefore hold, that in a proper case an attorney in Illinois may legally maintain such a lien.'' Therefore, the court having adopted the rule that attorneys may have an enforceable right, it is well to take up the question as to whether the attorney in a retaining case can enforce his rights as a retaining lienor where the lien exists in his favor upon the papers and documents that were placed in his possession by his client, as in the instant case.

In Corpus Juris Secundum, vol. 7, under the heading, ''Attorney and Client,'' sec. 233, the rule is that an attorney's retaining lien cannot be actively enforced, and it was said in sec. 233:

''Generally a retaining lien cannot be actively enforced, although, under circumstances noted hereunder, such lien may be enforced as an incident to a proceeding brought for another purpose.

''Since as noted in Sec. 225, supra, the rights of an attorney with respect to the subject matter of a general or retaining lien is merely the passive right to hold such subject matter until his claim is satisfied, a retaining lien cannot be actively enforced. More specifically a general or retaining lien cannot be enforced by judicial proceedings brought for that purpose; nor may an attorney who has a lien on the papers of his client sell said papers under process to foreclose his lien, as may a pledgee or a mortgagee in other cases. On the other hand where the attorney is brought into court, upon application of his client, to compel the attorney to turn over money or papers upon which he claims a lien, or in a suit by the attorney to recover his compensation, the court may ascertain the extent of the lien and enforce it. Moreover, if such suit is not brought by the attorney within a time limited, or is not then diligently prosecuted, the court may order the papers to be given up. However, except by consent the question in dispute cannot be

determined by the court in a summary way." Among the cases cited in support of this rule, our attention has been called to the case of *Needham v. Voliva,* 191 Ill. App. 256. In this case the question was whether a court of equity had jurisdiction to adjudicate an attorney's possessory or retaining lien and enforce by proper decree the sale of papers and deeds which came into his hands by reason of his employment, and in that case the appellant urged in his brief and argument that there were only two grounds of possible equity jurisdiction in the case. The first is, that one may resort to equity to adjudicate the validity of a common-law retaining lien. The second ground is, that the Attorney's Lien Act of 1909 (J. & A., par. 611) creates a lien as against the client without the service of the notice provided for in the statute, and this court in its opinion states:

". . . equity has no jurisdiction to adjudicate a possessory or retaining lien. That lien is defined as the attorney's right to retain possession of property belonging to his client which comes into his hands within the scope of his employment until his charges are paid. *Weed Sewing Mach. Co. v. Boutelle,* 56 Vt. 570. If the relationship of attorney and client exists, the possessory lien will cover in general any property of any kind belonging to the client and held by the attorney. It includes ordinary legal documents of the client in the possession of the attorney, or money collected by the attorney. 4 Cyc. 1015. The possessory lien is a right merely to retain, and cannot be actively enforced. 4 Cyc. 1023; *Compton v. States,* 38 Ark. 601; *McKelvy's Appeal,* 108 Pa. St. 615; *McDonald v. Charleston, C. & C. R. Co.,* 93 Tenn. 281; Jones on Liens, par. 132. In our opinion the court had no jurisdiction to adjudicate upon the possessory or retaining lien of complainant." So, from the facts in the instant case, the plaintiffs seek to recover a reasonable fee for the services that were performed at

the request of Louis Zounis in his lifetime; that this amount, together with the costs advanced, was $3,050.38, of which the balance of $1,487.24 remains unpaid; that during the course of the employment there was delivered to the plaintiffs two deeds executed by a master in chancery of the superior court of Cook county, Illinois, conveying to Louis Zounis the real estate in them and in said complaint described, and that said deeds were delivered to be kept by the plaintiffs until such time as Louis Zounis could pay $1,487.24, but not later than January 1, 1935. Applying the rule which has been called to our attention, the plaintiffs have a possessory lien upon the master's deeds that were delivered to the plaintiffs by Louis Zounis in his lifetime and which were to be retained by them until the amount due was paid, and the possessory retaining lien is a right merely to retain and cannot be actively enforced. *Needham v. Voliva,* 191 Ill. App. 256.

The plaintiffs in support of their theory that the court was not in error when it entered the decree in the instant case, which provided that upon the failure of the defendants to pay the amount the court found due, a sale may be had of the real estate described in the master's deed, the subject of this litigation, cite the cases of *Catherwood v. Morris,* 360 Ill. 473, and *Lewis v. Braun,* 356 Ill. 467, and contend that the lien of an attorney for his reasonable fees is impressed upon the *res* concerning which the attorney has rendered services. Such a relationship gives rise to an implied or equitable lien or trust for the security and the ultimate compensation of the attorney.

In passing upon this question we must have in mind the classification of attorney's liens, which are passed upon in the case of *Sanders v. Seelye, supra.* There the court classified attorneys' liens as general (or retaining) liens, and charging (or special) liens. Now, in the instant case there is no question but that the

lien which is impressed upon the deeds that are in the possession of the plaintiffs is classified as a general—or retaining lien.

In the case of *Catherwood v. Morris, supra,* the attorney's lien was a statutory one, and the proceeding was under the provisions of the statute of our State, entitled "Attorney's Lien Act" (Cahill's St. 1933, ch. 13, par. 13, p. 148; Smith's Stat. 1933, ch. 13, par. 14, p. 182). These two cases are not in point, for the reason that the proceeding in the instant case is one in which the plaintiffs' lien is a possessory one, the master's deeds being in the possession of the plaintiffs, and they are seeking by the decree entered in this case to have the real estate described sold, unless the amount of $1,487.24 is paid.

On the other hand, in the case of *Lewis v. Braun, supra,* the action was for the purpose of impressing an attorney's lien upon the stock in question and the dividends that were to be paid. That being a charging or special lien, the action under the authorities could prevail, and from the facts in this case one of the defendants had possession of this stock, and the Supreme Court in passing upon the question involved, said:

"It is urged by appellees that there can be no lien before there is a recovery, as there is no *res* or subject matter upon which an equitable lien may attach. This statement does not accord with the facts in this case, as the allegations of the bill show there is a definite *res* involved in this proceeding, consisting of forty-eight stock certificates, with serial numbers and full description given. It is not denied that this stock actually exists, and the sole purpose of the contract was to secure its transfer and the collection of dividends already declared upon it. Where an attorney and ‹ client enter into a contract for a contingent fee imposed upon the recovery of certain money or things. equity creates, by implication, a present lien upon an existing *res* for the security of the attorney while do-

ing his work.'' As we have indicated, this is a charging or special lien upon the stock in question, and an action of the character instituted was justified, as was stated in the case of *Lewis v. Braun, supra.*

For the reasons stated we believe the trial court erred in entering the decree from which the defendants appeal, and the decree is reversed and the cause is remanded with directions to dismiss the bill for want of equity.

*Reversed and remanded with directions.*

DENIS E. SULLIVAN, P. J., and BURKE, J., concur.