THE UPGRADE CORPORATION *et al.*, Plaintiffs-Appellees, *v.* MICHIGAN CARTON CO., Defendant.—(HARRY SHRIMAN, Appellant.)

First District (3rd Division)   No. 79-755

Opinion filed August 13, 1980.

Harry Shriman, of Orland Park, for appellant, *pro se.*

No brief filed for appellees.

Miss PRESIDING JUSTICE McGILLICUDDY delivered the opinion of the court:

Attorney Harry Shriman, appellant, formerly represented the plaintiffs in an action for breach of trade secret agreements and obligations. Shriman withdrew his appearance as one of the plaintiffs' attorneys by leave of court. The plaintiffs' remaining attorney filed a

petition asking the court to order appellant to turn over all files in his possession concerning the pending cause of action. The appellant claimed a common law retaining lien and a right to refuse to turn over the files until he was compensated for his legal services. The court granted plaintiffs' petition but ordered that the appellant be given a statutory lien pursuant to "An Act creating attorney's lien * * * " (Ill. Rev. Stat. 1977, ch. 13, par. 14). The court stated that the amount of such lien would be determined upon settlement or favorable judgment for the plaintiffs. The appellant appeals this order.

On appeal the appellant contends that the trial court erroneously entered the production order thereby denying him a retaining lien on the lawsuit files. He also claims that the court erred in failing to hold an evidentiary hearing to determine the plaintiffs' indebtedness to appellant for legal services rendered. While the plaintiffs have not filed a brief in this matter,[1] we shall consider the merits of the appellant's contentions. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

■■ An attorney who withdraws from a case for a justifiable cause or is terminated without cause may recover compensation for his services. Justification exists when the client fails or refuses to pay the proper fees or expenses of the attorney after being reasonably requested to do so. (*Cairo & St. Louis R.R. Co. v. Koerner* (1878), 3 Ill. App. 248; *In re Dunn* (1912), 205 N.Y. 398, 98 N.E. 914; *Harvey v. F.W. Dodge Corp.* (1938), 169 Misc. 781, 8 N.Y.S. 2d 935.) The measure of the lawyer's recovery lies in quantum meruit for the services actually rendered. *Schwartz v. Jones* (1969), 58 Misc. 2d 998, 297 N.Y.S. 2d 275; see 7A C.J.S. *Attorney & Client* §§290-91, at 540-45 (1980).

■■■ A retaining lien is strictly a common-law possessory lien in favor of an attorney for his fees and was first recognized in Illinois in *Sanders v. Seelye* (1889), 128 Ill. 631, 21 N.E. 601. (*Jovan v. Starr* (1967), 87 Ill. App. 2d 350, 231 N.E.2d 637.) Notwithstanding the creation of a statutory lien for attorney's fees in Illinois, the common law retaining lien remains a right in favor of the attorney. (*Needham v. Voliva* (1915), 191 Ill. App. 256.) A charging or special lien attaches only to the proceeds recovered by the attorney through his professional services, whereas the retaining or general lien attaches to any property belonging to the client which the attorney received professionally. (*McCracken v. City of Joliet* (1915), 271 Ill. 270, 111 N.E. 131; *Sanders v. Seelye*; *Jovan v. Starr*; see generally Ginsberg, *Bankruptcy*, 53 Chi.-Kent L. Rev. 190, 227 (1976).) The retaining lien is a possessory lien that merely gives the attorney a right to retain the client's property and cannot be actively enforced by judicial

---

[1] Defendant, Michigan Carton Co., did file a brief but did not address the legal issues raised by appellant.

proceeding. (*Needham v. Voliva.*) It continues until the attorney's charges are liquidated or the attorney surrenders the property with or without payment. (*Armstrong v. Zounis* (1940), 304 Ill. App. 537, 26 N.E.2d 670; *Scott v. Morris* (1907), 131 Ill. App. 605.) Once the attorney surrenders the property, his retaining lien is lost.

In the instant case the appellant is not seeking to enforce his retaining lien by judicial proceedings. Rather, he is using the existence of his retaining lien as a defense in proceedings initiated by his former clients to compel him to turn over his files on their pending lawsuit.

The appellant relies on *Ross v. Wells* (1955), 6 Ill. App. 2d 304, 127 N.E.2d 519, the only Illinois case to our knowledge that discusses the right of an attorney to claim a retaining lien when an order to produce the client's property in the attorney's possession is issued. In *Ross*, however, the attorney instituted the legal proceedings by filing a complaint for attorney's fees. The defendants, during discovery, sought the production of certain written documents that would reflect the services rendered by the plaintiff, and the plaintiff refused on the ground that he had an attorney's lien. The trial court dismissed the defendants' petition for a rule to show cause, but the appellate court reversed stating:

> "There is logic in the rule that a lawyer should be protected in his retaining lien until he is paid, and should not be compelled to produce and surrender the records and papers upon which he has such lien in any proceeding other than a suit by the attorney to recover his fees." (6 Ill. App. 2d 304, 308, 127 N.E.2d 519, 520.)

The court distinguished the situation before it based on the fact that the attorney was suing for his fees and would have to prove the nature of his services rendered and the amount of time expended using the records and papers sought by the defendants.

The majority of jurisdictions have recognized the attorney's property right in his retaining lien in cases where the termination of the attorney-client relationship is not attributable to improper conduct by the attorney. (Annot., 3 A.L.R.2d 148, 150 (1949).) However, the courts have exercised their inherent power to order an attorney to release property in his possession in the interest of equity and fairness. (*Leviten v. Sandbank* (1943), 291 N.Y. 352, 52 N.E.2d 898; *Robinson v. Rogers* (1924), 237 N.Y. 467, 143 N.E. 647.) Thus, courts have released retaining liens where the client pays the asserted claim or furnishes adequate security. See, *e.g.,* *Morse v. Eighth Judicial District Court* (1948), 65 Nev. 275, 195 P.2d 199; *Steiner v. Stein* (1948) 141 N.J. Eq. 478, 58 A.2d 102; *Leviten v. Sandbank*; *In re Estate of Present* (1956), 15 Misc. 2d 759, 184 N.Y.S. 2d 134; Annot., 3 A.L.R.2d 148, 155 (1949); 7A C.J.S. *Attorney & Client* §276, at 509-10 (1980).

■■ Applying the above principles to the case at bar, the trial court correctly ordered appellant to turn over files concerning his former

clients' pending cause of action based on the clients' claim that the documents were needed to proceed with the litigation. However, we find that the appellant was given inadequate security in the form of a statutory lien.

A similar lien was found to be inadequate in *In re Makames* (1933), 238 App. Div. 534, 265 N.Y.S. 515. In that case the attorneys claimed a retaining lien over the insurance policies of their former client which were needed by the client in a pending action. The attorneys were ordered to turn over the policies in their possession upon the payment of $50, the amount of their disbursements, and were given a first lien upon all moneys recovered by the client in its action against certain insurance companies. This order was reversed because the new lien was not on anything in existence but on something that may possibly come into existence in the future. There was no certainty that the client would be successful in its pending litigation and thus the security was deemed worthless. We agree with this analysis. We hold that in the instant case the statutory lien on the proceeds of the pending litigation was inadequate security since such a lien would only attach if proceeds were in fact recovered.

We also find that the trial court erred when it did not determine the value of the appellant's services to the plaintiffs. Where the attorney is brought into court upon the petition of his client to compel the attorney to turn over money or paper upon which a retaining lien is claimed, the court may ascertain the extent of the lien and enforce it. The attorney who claims compensation for services rendered by him to the client is entitled to a summary determination fixing the value of his services so that such amount can be paid or otherwise adequately secured before the production order may be enforced. *Morse v. Eighth Judicial District Court*; see Annot., 124 A.L.R. 725, 738-43 (1940), and 7A C.J.S. *Attorney & Client* §390, at 779 (1980).

In view of the foregoing reasons, we affirm that portion of the order requiring the appellant to turn over his litigation files to the plaintiffs and reverse and remand that portion of the order substituting a statutory lien for appellant's retaining lien. The production order should not be given effect, however, until the value of the appellant's services is determined and the appellant is compensated or given a guaranty satisfactory to the appellant that he will be compensated.

Affirmed in part; reversed in part; remanded with directions.

McNAMARA and SIMON, JJ., concur.