**In re NORSOM MEDICAL REFERENCE LABORATORY, INC., Debtor.**

**Bankruptcy No. 80 B 6676.**

United States Bankruptcy Court,
N. D. Illinois,
Eastern Division.

March 26, 1981.

---

(4) made—

**166**

Cohen & Cohen, Chicago, Ill., for debtor.
Leoris & Cohen, Chicago, Ill.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came to be heard on debtor's application for a turnover order. Debtor's application seeks certain documents withheld as attorney's work product by Drake Leoris, d/b/a Leoris and Cohen. This memorandum and order constitutes the findings of fact and conclusions of law required by Rule 752 of the Bankruptcy Rules of Procedure.

### FINDINGS OF FACT

Debtor's Chapter 11 petition was filed on May 30, 1980. Previously, debtor was a defendant in administrative recoupment proceedings brought by The Illinois Department of Public Aid (IDPA). An administrative review action is now pending in The Circuit Court of Cook County. Debtor's potential liability in said action exceeds $125,000.

Debtor's attorney in the above proceedings was the law firm of Leoris, Cohen & Erde. Matthew Chaconas, an associate in said firm, handled most, if not all, of debt-

or's case. The documents sought by debtor in the instant application are the work product of attorney Chaconas. Leoris, Cohen & Erde hold an unsecured claim of $3800 for pre-petition legal services rendered to debtor.

The firm of Leoris, Cohen & Erde was formally dissolved on September 26, 1980. Leoris formed the firm of Leoris and Cohen, and Erde formed the firm of Erde and Chaconas. Debtor retained Erde and Chaconas to represent debtor in the pending action against the IDPA. Debtor wants Chaconas, who is already familiar with the case, to continue prosecuting the pending action. Debtor contends that the documents sought from Leoris are essential for an effective disposition of the pending action.

After Leoris, Cohen & Erde was dissolved, Leoris filed a complaint against Erde and Chaconas in the Circuit Court of Cook County, Illinois. *Drake Leoris v. Erde and Chaconas*, 80 CH 7995. Defendants answered and counterclaimed against Leoris. Each party alleges illegal, immoral and unethical conduct by the other party. Leoris now has all the work product prepared by Chaconas relating to debtor's administrative actions against the IDPA. Leoris refuses to turn over said work product to his former associate. Leoris contends that the documents, prepared by Chaconas, are within the qualified privilege against discovery commonly known as the "work product doctrine." *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1946); Federal Rules of Civil Procedure, Rule 26(b)(3). Leoris does not contend the documents are within the attorney-client privilege.

### ISSUE

Does the work-product privilege apply to an attorney who seeks discovery of his own work product?

### DISCUSSION

Debtor seeks the work product of its attorney, Matthew Chaconas. If this court orders Leoris to turn over the documents to

debtor, debtor will then give the documents to Chaconas. Chaconas, Leoris' former associate, now works for Erde, Leoris' former partner. Leoris' refusal to turn over the documents is based upon a misunderstanding of the rationale of *Hickman, id,* the purpose of discovery and relevant bankruptcy law.

■ The Federal Rules of Civil Procedure contain a number of rules relating to discovery. Under the Federal Rules:

> *Parties* may obtain discovery regarding any matter, not privileged, *which is relevant to the subject matter involved in the pending action.* (Emphasis added). Rule 26(b)(1).

The discovery rules were designed to narrow and clarify the issues and provide access to the facts relevant to those issues. *Hickman, id* at 501, 67 S.Ct. at 388. The discovery rules help parties to a pending action discover *their opponent's* evidence in advance of trial. In the instant case, there is no pending action between debtor and Leoris and Cohen. The documents sought are necessary for debtor's action against the IDPA. The law has created privileges whereby otherwise discoverable material becomes immune to discovery. Privileges were created to protect relationships that are of sufficient social importance to justify suppression of sources of fact. *McCormick on Evidence,* § 72 (1972).

Leoris and Cohen rely primarily on *Hickman, id,* in arguing that the documents sought are privileged. In *Hickman, id,* plaintiff's attorney sought notes that the opposing attorney had taken while interviewing survivors of a shipwreck. The Supreme Court held the materials privileged from discovery because:

> It is essential that a lawyer work with a certain degree of privacy, *free from unnecessary intrusion by opposing parties and their counsel* . . . Were such materials *open to opposing counsel* on mere demand, much of what is now put down in writing would remain unwritten.

*Hickman, id* at 510–511, 67 S.Ct. at 393–394, emphasis added. Concurring in the opinion, Justice *Jackson* stated that:

> Discovery was hardly intended to enable a learned profession to perform its function either without wits or on wits borrowed from the adversary.

*Hickman, id* at 516, 67 S.Ct. at 396. In the instant case, debtor does not seek to "borrow materials from the adversary" nor does debtor seek documents prepared by "opposing parties and their counsel." Debtor seeks documents prepared by its own attorney. This court holds that the *Hickman* work, product rule and rationale does not apply where a party seeks the work product of his own attorney and said work product is possessed by a non-party to the litigation in which discovery is sought.

■ Rule 26(b)(3) of the Federal Rules of Civil Procedure provides in pertinent part that:

> . . . a *party* may obtain discovery of documents and tangible things . . . prepared in anticipation of litigation or for trial *by or for another party* . . . only upon a showing that the party seeking discovery has substantial need . . . and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. (Emphasis added).

Rule 26(b)(3) governs discovery between parties involved in pending litigation. There is no pending litigation between debtor and Leoris and Cohen. The documents sought were not prepared in anticipation of litigation between debtor and Leoris and Cohen. The documents sought were not prepared by Leoris and Cohen, but were prepared by Chaconas while an associate with Leoris, Cohen & Erde. Rule 26(b)(3) does not apply in the instant case. Even if Rule 26(b)(3) were applicable, the documents would be subject to a turnover order since the debtor has shown substantial need and that it is unable without undue hardship to obtain the substantial equivalent of the sought after documents.

The Bankruptcy Reform Act of 1978 provides that:

> Subject to any applicable privilege . . . The court may order an attorney, accountant or other person that holds re-

corded information ... relating to the debtor's property or financial affairs, to disclose such recorded information ... 11 U.S.C. § 542(e). This new section was designed to prevent attorneys and accountants from coercing debtors to pay claims in full ahead of other creditors. *See* H.R.No. 95–595 95th Cong., 1st Sess. (1977) 369–70; S.R.No.95–989, 95th Cong., 2d Sess. (1978) 84 U.S.Code Cong. & Admin.News 1978 p. 5787. The court has found no cases interpreting § 542(e). The requested documents are not protected by the work product doctrine nor the attorney-client privilege. Thus, they are subject to this court's turnover order pursuant to 11 U.S.C. § 542(e).

Leoris and Cohen contend that *In the Matter of Carrousel, Inc.*, 5 B.C.D. 750 (S.D. Ohio 1979) stands for the proposition that "the attorney's work product ... is specifically excluded from turnover orders in the Bankruptcy Court." (Memorandum in Opposition to Application for Turnover Order, Page 3). *Carrousel, id,* is distinguishable because the materials sought by the trustee therein were prepared by the debtor's former attorney. The documents sought herein will be turned over to the attorney that prepared the documents originally. Moreover, *Carrousel, id,* did not even consider the impact of 11 U.S.C. § 542(e).

Leoris and Cohen also cite *Duplan Corp. v. Moulinage et Retorderie de Chavanoz*, 509 F.2d 730 (4th Cir. 1974) in support of their argument that the documents sought are privileged as work product. *Duplan's* holding is correct in light of the facts of that case but the facts herein are distinguishable. In *Duplan, id*, the attorney was not seeking his own work product. The court's rationale is that a lawyer cannot competently represent his client if he knows that at any time he might have to give his work product to his opponent. The work product doctrine applies where one party seeks his adversary's work product. The work product rules does not, and should not, deprive an attorney from recovering his own materials prepared for trial or in anticipation of litigation. The court has found no federal cases directly on point but this court can and will use its:

inherent power to order an attorney to release property in his possession in the interest of equity and fairness.

*Upgrade Corp. v. Michigan Carton Co.*, 87 Ill.App.3d 662, 665, 43 Ill.Dec. 159, 410 N.E.2d 159 (1980). The trial court in *Upgrade, id*:

correctly ordered appellant (an attorney) to turn over files concerning his former client's *pending* cause of action based on the client's claim that the documents were needed to proceed with the litigation.

*Upgrade, id* at 665–666, 43 Ill.Dec. 159, 410 N.E.2d 159.

IT IS HEREBY ORDERED that Drake Leoris, d/b/a Leoris and Cohen, forthwith turnover to the debtor all files and related materials including research, reference material, correspondence, notes, memoranda, documents, exhibits and transcripts relating to the debtor Norsom Medical Reference Laboratory, Inc.