In re **HIGHLAND PARK ASSOCIATES LIMITED PARTNERSHIP I, an Illinois limited partnership, and River Park, Inc., f/k/a Brickman Limited, an Illinois corporation d/b/a Highland Park Country Club, Debtors.**

Bankruptcy Nos. 91 B 00887, 91 B 00888.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Sept. 24, 1991.

David Golin, Rosenthal & Schanfield, Philip V. Martino, David N. Missner, Rudnick & Wolfe, Chicago, Ill., for debtor.

Richard C. Friedman, Office of the U.S. Trustee, Arthur Simon, Dannen, Crane, Heyman & Simon, Matthew Hurd, Wildman, Harrold, Allen & Dixon, Michael L. Molinaro, Charles M. Thomson, Katten, Muchin & Zavis, Jerome H. Torshen, Mark K. Schoenfield, Torshen, Schoenfield & Spreyer, Chicago, Ill., for Dept. of Justice.

David Glickstein, John S. Mrowiec, Edward S. Weil, Greenberger, Krauss & Jacobs, Chicago, Ill., for LaSalle Nat. Bank.

MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

The Debtors, by their new attorneys, have moved pursuant to 11 U.S.C. § 542(e) to compel their former bankruptcy lawyers, Rosenthal and Schanfield, P.C. ("R & S") to turn over files relating to the Debtor. R & S opposes that motion, asserting an attorney's retaining lien. The motion will be granted.

The opinion principally relied upon by R & S, *In the Matter of Matassini*, 90 B.R. 508, 509 (Bankr.M.D.Fla.1988), does hold that a retaining lien is not extinguished by bankruptcy, but goes on to hold that "the lien is subject to the provisions of Title 11 U.S.C. § 542(e)...." Therefore, notwithstanding any lien R & S may have, section 542(e) authorizes turn over of "recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs." Nothing in that section requires a showing that those materials be necessary to the administration of the estate, nor is that section limited to pre-bankruptcy attorneys.

R & S is entitled to adequate protection of its interest in the materials subject to turn over under section 542(e). 11 U.S.C. § 363(e). But what is entitled to protection is the value of that interest. *Id.*, 11 U.S.C. § 361. Determining that value is difficult.

In Illinois, an attorney's lien "is a right merely to retain and cannot be actively enforced." *Needham v. Voliva*, 191 Ill. App. 256, 258 (1915). In other words, R & S, unlike most other lienholders, has no right to require the sale of its collateral. Usually, the real value of a retaining lien is that the client must pay the lawyer's fee if he wants the papers and other property subject to the lien. But section 542(e) "was designed to prevent attorneys and accountants from coercing debtors to pay claims in full ahead of other creditors." *In re Norsom Med. Ref. Lab., Inc.*, 10 B.R. 165, 168 (Bankr.N.D.Ill.1981). Requiring payment before turn over under section 542(e) would defeat the very purpose of that section. Therefore, the "coercive" value of the retaining lien cannot be the measure of what

is entitled to adequate protection. Moreover, R & S itself, quite properly, "is merely seeking equal priority with the other administrative claimants in this case." Response of R & S to Debtors' Motion to compel Turnover of Files 3. Requiring payment of all or part of R & S's claim as a condition to turnover would give R & S more favorable treatment than other creditors of equal priority. For these reasons, R & S's present administrative priority is adequate protection of its interest.

The Debtor's Motion to Compel Turnover of Files is granted. The Debtor is ordered to promptly submit a draft order, after review of that order by other parties in interest, in accordance with the foregoing and with the comments made in open court at the hearing of that motion.

Steven B. Towbin, David A. Newby, Towbin & Zazove, Ltd., Chicago, Ill., for plaintiff.

Robert M. Boyack, Joliet, Ill., for Johnson Controls, Inc.

Patrick G. Donnelly, McNeela & Griffin, Ltd., Chicago, Ill., for Muller Const. Supply.

Richard M. Bendix, Jr., Michael E. Hayes, Schwartz, Cooper, Kolb & Gaynor, Chicago, Ill., for Nat. Steel Service Center.