NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 10, 2015
Decided July 2, 2015

**Before**

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-2945

| | |
|---|---|
| CHICAGO IMPORT, INC. <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> AMERICAN STATES INSURANCE CO., <br> *Defendant,* <br><br> APPEAL OF: WOLIN & ROSEN, LTD. | Appeal from the United States District Court for Northern District of Illinois, Eastern Division. <br><br> No. 09 CV 02885 <br><br> Manish S. Shah, <br> *Judge.* |

## O R D E R

In this interlocutory appeal, the law firm of Wolin & Rosen, Ltd., which formerly represented plaintiff Chicago Import, Inc., challenges the district court's order that the firm turn over case-related files to its former client. When Chicago Import had demanded those files, Wolin & Rosen asserted a retaining lien under Illinois common law on the ground that the company owed the law firm about $60,000. The district court, though, did not abuse its discretion in concluding that the client's need for the documents outweighed Wolin & Rosen's need for immediate payment. Thus, we affirm.

I.

Chicago Import and American States Insurance Company are embroiled in insurance coverage litigation. Chicago Import had taken out a $5 million insurance policy from American States Insurance for commercial property it owned in Chicago. That property burned down in May 2007, and Chicago Import submitted a claim for $5 million in inventory losses and debris-removal costs. After two years had passed without receiving payment from American States Insurance, Chicago Import sued in federal court—under the court's diversity jurisdiction—alleging breach of contract.

Chicago Import has changed lawyers multiple times. At the outset, it was represented by Gordon & Rappold, LLC. When that firm moved to withdraw eight months into the litigation, replacement counsel moved the district court to compel Gordon & Rappold to turn over the case files. In response Gordon & Rappold asserted a retaining lien. In Illinois, an attorney may assert a retaining lien on a client's legal files if that client has outstanding, unpaid legal bills. *Johnson v. Cherry*, 422 F.3d 540, 554 (7th Cir. 2005); *Twin Sewer & Water, Inc. v. Midwest Bank & Tr. Co.*, 720 N.E.2d 636, 639–40 (Ill. App. Ct. 1999); *Upgrade Corp. v. Michigan Carton Co.*, 410 N.E.2d 159, 160–61 (Ill. App. Ct. 1980). A magistrate judge ordered Chicago Import to pay Gordon & Rappold $63,440 or post security in exchange for the files.

Over the next four years, the case plodded through discovery, and Chicago Import continued to swap counsel. It eventually retained the law firm of Wolin & Rosen, Ltd., in November 2012. About a year and a half later, a new district judge was assigned to the case, and Wolin & Rosen moved to withdraw as counsel, contending that it and Chicago Import were unable to resolve billing disputes. Chicago Import, represented by yet another firm, moved the district court to order Wolin & Rosen to turn    over its case files. The new firm argued that Wolin & Rosen had wrongly asserted a retaining lien over 44 boxes of case files by falsely alleging that Chicago Import owed the firm $60,000 in unpaid fees. The new firm asked the court to order the files turned over to it because discovery was closed and the parties were ready to file dispositive motions. The district court ordered Wolin & Rosen to turn over the files without requiring Chicago Import to pay any outstanding fees or post security. The court explained that it was following *Johnson v. Cherry*, 422 F.3d 540 (7th Cir. 2005), where this court outlined how a district court should decide whether to order a lawyer to turn over files to a client. *Johnson* held that a district court should follow three steps:

First, determine the validity of the client's debt and the law firm's lien; second, assess the client's need for the documents and its ability to pay its debt; and third, balance the firm's need for payment against the client's need for access. 422 F.3d at 555.

In applying *Johnson*, the court first noted that it was "content to assume without deciding that the firm is owed money and that that amount is approximately $60,000." But it also found that a $60,000 debt to the firm was not particularly significant for the firm when viewed against "the grand scheme of this case," which the parties had been litigating for five years and which generated "more than 40 boxes" of files. Second, the court observed, the client furnished little information about its inability to pay, so that counted "a little bit" against the client. But, the court added, Wolin & Rosen "at least twice" conceded that the client needs the file. This concession, the court explained, was "pretty obvious and reasonable" because, unlike the situation during earlier changes in counsel, discovery in this "very old case" is now—and needs to remain—closed so the court can finally resolve it. Third, the court balanced the firm's interest in compensation against the client's need to have the files to proceed at once with "dispositive motions." It concluded that the need for the files outweighed the firm's interest and ordered the firm to turn over the client files immediately, without payment or security.

Consistent with its plan to resolve the case, the court ordered the parties to file dispositive motions within about three months of the turnover order. Both parties did so. They briefed their motions over the next two months, and just five weeks ago the court granted and denied the motions in part. And at the last status hearing with the district judge, the parties agreed to participate in a settlement conference.

II.

Wolin & Rosen's appeal contests the district court's order that the firm turn over Chicago Import's case files without requiring the company to pay up or post security. We begin by observing that the district court had jurisdiction to address the fee dispute between Chicago Import and non-party Wolin & Rosen. Lawyer-client fee disputes that can affect the client's recovery in the underlying litigation properly fall within the court's supplemental jurisdiction. *See Humphrey v. United States*, 2015 WL 2447724, Nos. 14-3087, 14-3489 & 15-1065, at * 2 (7th Cir. May 22, 2015); *Goyal v. Gas Tech. Inst.*, 718 F.3d 713, 717 (7th Cir. 2013); *Elusta v. City of Chicago*, 696 F.3d 690, 694 (7th Cir. 2012). The order is also immediately appealable. *See Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 455 (7th Cir. 2010). So we proceed to the merits.

This appeal turns on the correct interpretation of *Johnson.* In Wolin & Rosen's view, *Johnson* holds that, before ordering a turnover of files, a district court *must* require the client to pay (or post security for) unpaid legal bills, unless the client proves that it cannot pay, which Chicago Import did not do. The firm cites to a passage in *Johnson* instructing that "until" the client supplies evidence of both its need for the documents and its inability to pay, "the district court may not simply disregard the retaining lien." 422 F.3d at 556.

But the district court did not "simply disregard" the lien. It carefully applied all three of *Johnson*'s steps. First, it assumed that Wolin & Rosen was owed $60,000, but its need for immediate payment was mitigated by the long history of the litigation, in which Wolin & Rosen had itself been counsel for over eighteen months. Second, it observed that Chicago Import "obvious[ly]" needed the files for the upcoming dispositive motions, but the company had provided no evidence of an inability to pay. In applying the third *Johnson* step, the court acted within the bounds of its discretion by weighing these competing factors and concluding that Chicago Import's immediate need for the files, despite its possible ability to pay for them, outweighed the law firm's immediate need for the $60,000. *Johnson,* 422 F.3d at 554; *First Wis. Mortg. Tr. v. First Wis. Corp.,* 571 F.2d 390, 396 (7th Cir.), *rev'd in part on other grounds on reh'g,* 584 F.2d 201 (7th Cir. 1978) (en banc).

The court's decision to order the turnover without payment or security was reasonable. It was understandably concerned with the need to bring this "very old case" to a conclusion. Reopening discovery to allow Chicago Import to recreate the files, or ordering the company to post security or to pay Wolin & Rosen for the files before the case could proceed, would have created further delays that the court could reasonably refuse to tolerate. Furthermore, the court demonstrated its commitment to a speedy resolution of the case by holding the parties to its post-turnover scheduling order that called for prompt, dispositive motions and by quickly deciding those motions, bringing the case close to final resolution. Given the court's broad discretion to manage its docket, s*ee Keeton v. Morningstar, Inc.,* 667 F.3d 877, 884 (7th Cir. 2012), its decision to order the files turned over immediately, before payment, was therefore reasonable.

Lastly, at oral argument the parties told us that Wolin & Rosen has initiated collection proceedings in state court concerning the same attorney's fees that are the subject of the retaining lien. The firm therefore has the opportunity to be made whole

without us disturbing the district court's careful balancing of the equities and discretionary docket management.

## III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.