# CHARLESTON.

MATHENY *v.* FARLEY *et als.·*

Submitted September 3, 1909.　Decided February 1, 1910.

1. ATTORNEY AND CLIENT—*Contract—Abandonment of Service—Right to Recover Fees.*

　An attorney, retained generally to conduct a legal proceeding, is presumed, in the absence of anything to indicate a contrary intent, to enter into an entire contract to conduct the proceeding to its termination, and he cannot lawfully abandon the service, before such termination, without justifiable cause; but if he have sufficient cause therefore he may do so, and recover what his services already rendered are reasonably worth.　(p. 682).

2. SAME—*Abandonment of Employment.*

　A case in which the facts proven were held to justify abandonment by an atorney of the case in which he had been employed, and to support the verdict and judgment in his favor for services already rendered.　(p. 684).

Error to Circuit Court, Raleigh County.

Action by M. F. Matheny against S. W. Farley and others. Judgment for plaintiff, and defendants bring error.

　　　　　　　　　　　　　　　　　　　　*Affirmed.*

*Blake & Ward,* for plaintiffs in error.

*File & File,* for defendant in error.

MILLER, JUDGE:

From the judgment of the justice against them, for $125.00, defendants, Nelson, Edward and Samuel Farley, appealed to the circuit court, where, upon a trial before court and jury, plaintiff recovered a verdict and judgment against them for the same amount.　To this judgment a writ of error was awarded by this Court.

Plaintiff sued defendants for one hundred and fifty dollars for professional services rendered in an ejectment suit which defendants had employed him to defend.　The fact of his employment is not denied, but admitted.　The fee was not agreed upon, but sometime after his employment plaintiff told one of the defendants, when upon the land with him, that he

would charge them not less than three hundred dollars, to which no objection was made.

The question controlling the case is whether plaintiff was discharged, or he voluntarily and without good cause abandoned the case before fulfilling his contract of employment.

The evidence shows that pending the suit, and against plaintiff's advice, defendants went upon the land in controversy and began cutting timber, and were at once enjoined. Being of opinion that it would be useless, plaintiff declined to appear for the defendants in the injunction suit, pending the ejectment suit, and try to obtain a dissolution of the injunction, but did file a petition for them in the cause to get the penalty of the injunction bond enlarged. This was not satisfactory to the defendants, and without consulting plaintiff and without notice to him, and he says against his protest, they employed other counsel, not only to obtain a dissolution of the injunction, which failed, but also to defend the ejectment suit. After this defendants neither consulted nor conferred with plaintiff directly or through their new counsel employed.

Defendants never directly notified plaintiff that he was discharged, but when depositions were being taken, in the injunction suit one of them told counsel on the other side that they had let plaintiff go, and they afterwards appeared by other counsel. To another lawyer whom they tried to employ in the case, one of the defendants, referring to plaintiff, said: "We have got rid of him, and gotten Mr. English." Mr. English, the attorney employed by defendants, and a witness for them on the trial of this case, testified that it is an unwritten law that one lawyer does not go into a case where another is employed until he is satisfied that the other one has been discharged. Mr. English was asked why he did not consult with plaintiff with reference to the case, and answered that when he was employed he did not think Mr. Matheny had any thing to do with it. Afterwards, when plaintiff was about to sue defendants for his services, one of them saw him and tried to induce him to go back into the case, expressing regrets on account of what had occurred, and putting the blame for it upon his co-defendants. But plaintiff declined re-employment and brought this suit. Some of the facts testified to by

plaintiff and his witnesses are in some particulars controverted by defendants, two of them testifying that they had not authorized plaintiff's discharge.

The evidence shows that after his employment plaintiff made preparation to try the ejectment suit; that he made an abstract of the title, and went upon the land with one of the defendants and traced the lines in order to become familiar with all the details; that he made a diagram or plat of the land; and that he had many consultations with them; that they unduly and unnecessarily bothered him about the case, and he proves by his own evidence and the evidence of another witness the value of his services to have been at least $150.00, and that he was always ready and willing to perform his contract up to the time of his alleged discharge.

Do the facts prove a discharge, or a voluntary abandonment of the case for good cause, entitling plaintiff to recover the value of his services in this action? The general rule of law is that when a contract for service is entire, for a given sum, full performance of the contract is a condition precedent to the right to recover the stipulated compensation. Mechem on Agency, sections 634, 635, and 854. In section 854, this writer says: "An attorney who is retained generally to conduct a legal proceeding, is presumed, in the absence of anything to indicate a contrary intent, to enter into an entire contract to conduct the proceeding to its termination; and he cannot lawfully abandon the service, before such termination, without justifiable cause and reasonable notice." In said section 854 Mr. Mechem further says: "But if the attorney has sufficient reason to justify his abandonment, he may in all cases recover what the services already rendered are reasonably worth, and if the service had been undertaken for a fixed sum, it has been held that he may treat the cause for abandonment as a prevention of completion by the client, and recover the stipulated price." The "more liberal rule" of *Britton* v. *Turner*, 6 N. H. 481 (26 Am. Dec. 713), has never been fully adopted in this State, but our cases, some of them relating to attorneys' fees, recognize the general rule prevailing in all jurisdictions, that if an attorney, after he has been employed to perform an entire service, be discharged without good cause, or he abandons the

case for good cause, or be prevented by the act of his client from full performance, he may recover the value of his services, or the entire amount agreed upon, depending on the circumstance of the case. *Polsley* v. *Anderson,* 7 W. Va. 202; *Peck* v. *Marling,* 22 W. Va. 708; *Tomlinson* v. *Polsley,* 31 W. Va. 108.

On the question of discharge it is conceded by plaintiff that no formal notice thereof was given him by defendants. His contention is, however, that their employment of other counsel, over his protest and objection; their failure thereafter to confer with him about the case; the admission by one of them afterwards to plaintiff that it was their intention that he should no longer remain in the case, and charging the responsibility therefor on his co-defendants; and the declarations of one or more of defendants to other attorneys, communicated to him, as stated, was evidence of their intention to discharge him and was equivalent to notice to him thereof, and upon which he had the right to act.

Did all this amount to a discharge? A client has the legal right to discharge his attorney, at any time, with or without cause; but not without cause unless he first pays or secures the attorneys' fees and charges, and the court will not enforce a substitution until this has been done. Mechem on Agency, section 856; Weeks on Attorneys at Law, section 250; 4 Cyc. 954, 955. These authorities make it clear that without notice, and payment of his fees, an attorney is not required to retire from a case. He has the right to stand his ground, and maintain his position as counsel of record until his fees and disbursements are paid or secured, and before the court can enter an order of substitution it should see that this condition is fulfilled by a client. But plaintiff did not elect to take this course. He accepted the conduct of defendants and the information received, as good cause for abandoning the case, and we are of opinion that the virtue of his action rests rather upon the theory of justifiable abandonment than upon the theory of discharge. While there is evidence of an intention to discharge plaintiff and that defendants no longer regarded him in their service, the evidence does not come up to an actual discharge.

The controlling question then is, did plaintiff abandon the case for good cause? We must accept the verdict of the jury as an affirmative answer to this question. What will justify abandonment is thus stated by Mechem on Agency, section 855: "No general rule can be laid down by which it can, in all cases, be determined what cause will be sufficient to justify an attorney in abandoning a case in which he has been retained. But if the client refuses to advance money to pay the expenses of the litigation, or if he unreasonably refuses to advance money, during the progress of a long litigation, to his attorney to apply upon his compensation, sufficient cause may be furnished to justify the attorney in withdrawing from the further service of the client. So any conduct upon the part of the client during the progress of the litigation which would tend to degrade or humiliate the attorney, such as attempting to sustain his case by the subornation of witnesses, or any other unjustifiable means, which would furnish sufficient cause. So if the client demanded of the attorney the performance of an illegal or unprofessional act; or if the client were seeking to use the attorney as a tool to carry out the malicious or unlawful designs of the client, the attorney might lawfully abandon the service. So if the client insists upon the employment of counsel with whom the attorney cannot cordially co-operate, the attorney will be justified in withdrawing from the case."

We are of opinion that upon the principles of this and the other authorities cited the evidence justified the verdict and judgment in favor of the plaintiff. The rule stated in 4 Cyc. 1004, on the authority of *Pickard* v. *Pickard,* 83 Hun. (N. Y.) 338, is that the question whether an attorney was justified in withdrawing from a case is a question of fact for the jury.

We are, therefore, of opinion to affirm the judgment below.

*Affirmed.*