## PARKS v. BURLINGAME.

No. 784. Opinion Filed May 9, 1911.

(116 Pac. 187.)

TRIAL—Instructions—Necessity of Evidence to Sustain. In an action by an attorney to recover for services rendered in certain cases, the defendant answered that plaintiff had without cause abandoned the same. The evidence of the plaintiff refuted, and that of defendant failed to support, such claim. The court was requested to give an instruction to the effect that, if the jury found from the evidence that after plaintiff had been retained in the said cases he had abandoned them without cause or fault on the part of defendant, he would not be entitled to recover any compensation for his services, which request was refused. Held, not error.

(Syllabus by the Court.)

Error from District Court, Muskogee County; G. A. Brown, Judge.

Action by P. L. Burlingame against O. F. Parks. Judgment for plaintiff, and defendant brings error. Affirmed.

*De Roos Bailey* and *E. L. Kistler,* for plaintiff in error.

*John Watkins* and *William T. Hutchings,* for defendant in error.

DUNN, J.   This case presents error from the district court of Muskogee county.   It was originally filed by defendant in error as plaintiff against plaintiff in error in the United States court for the Western district of the Indian Territory, and was brought to recover for services rendered defendant as attorney in a number of different cases, and also for service as general counsel in drawing papers and doing general office work covering a period of approximately 2½ years.   Defendant answered, admitting that plaintiff had rendered service, but denied that it was reasonably worth the sum fixed and stated in plaintiff's complaint, and alleged that plaintiff had violated the terms of his contract and without cause had abandoned certain cases, and that defendant had been forced to employ other counsel to represent him.   He also filed a set-off, which, however, it is not necessary to notice with particularity.   On the issues being made up, the cause was tried to a jury which returned its verdict in favor of plaintiff, on which judgment was rendered.   A motion for new trial was filed and denied, and the cause has been filed in this court for review.

Without noticing the contention of counsel for defendant in error in reference to the defect alleged in the case-made, there is but one question presented to us for our consideration, which is that the court erred in its refusal to instruct the jury in substance that if they believed from the evidence that the plaintiff, after he had been retained by defendant to represent him in certain cases, had abandoned them before their determination without cause or fault on the part of defendant, he was not entitled to recover any compensation for any of the services rendered in said cases prior to the time of such abandonment. Counsel for defendant in error contend that the instruction should

have been denied as not being a correct statement of the law, and argue that an attorney who had conducted a long piece of litigation to practically its close, and then without reason abandons it, should not on that account, when the party for whom the services were rendered had received the benefit thereof, be denied all compensation for the service which had been rendered. See note 2, vol. 2, Ency. Pleading & Practice, p. 1011. Without deciding this proposition, however, but assuming that the instruction states the law, we believe from a careful review of the evidence that its denial was not error. .The plaintiff testified that he never abandoned any case in which he was employed until the defendant had given him to understand that he was no longer employed therein, and that he was discharged in the cases for no reason that he knew of, except that the defendant herein would not recognize him after he had sent him his bill for the services rendered, being the one sued on herein, and also that another attorney had been employed to supersede him in the cases. On the same proposition the defendant testified:

"Q. After he [plaintiff] presented you with that bill, you did not expect him to act as your counsel any further? A. No, sir; I did not feel like I could retain him with any degree of respect to myself."

From this it will be seen that the plaintiff denied that he had abandoned any cases and the defendant substantially admitted that he did not expect him to act as his counsel, and could not retain him with any degree of respect to himself. Therefore, as we view it, there was no issue under the evidence to which this instruction was essential, and the refusal to give it was not error. See *Matheny v. Farley et al.,* 66 W. Va. 680, 66 S. E. 1060; 5 Upper Canada Q. B. Rep. (O. S.) 440; *Coopwood et al. v. Wallace,* 12 Ala. 790.

We have reviewed the other instructions given by the court and the evidence and facts as set forth in the briefs of counsel, and from the entire case we are unable to see that any error was committed, and the judgment is therefore accordingly affirmed.

All the Justices concur.