Joseph Lief, J.
The relationship between client and lawyer is such that the client may discharge the attorney at any time with or without cause, while the lawyer, may withdraw only for good reason. Where the attorney is discharged for cause or withdraws without reason, he forfeits his fee. The converse is also true, however, that he is entitled to be paid when discharged without cause or he withdraws with sufficient reason (Suffolk Roadways v. Minuse, 56 Misc 2d 6, 7). Awkward circumstances have arisen between the parties plaintiff (husband and wife) which are not of the attorney’s making and it prompts one of them to seek a substitution of attorneys. An effort to agree on reasonable terms to accompany the substitution has been unsuccessful.
When an attorney is denied a fee the authorities speak of it as a penalty visited upon him for misconduct (Suffolk Roadways v. Minuse, supra, p. 10). A lawyer who is disbarred is entitled to be paid for the services he rendered prior thereto, in the absence of a showing that he was disbarred for misconduct in connection with the qase (Tiringer v. Grafenecker, 38 Misc 2d 29). The measure of the lawyer’s recovery lies in quantum meruit where there is no cause for his discharge in the sense that he breached any obligation to his client (Matter of Montgomery, 272 N. Y. 323). We can see no sound reason for denying the attorney here his right to compensation for the services rendered.
The motion for a substitution is granted. The request for a severance and a joint trial of plaintiff’s action is granted, with separate bills of costs and disbursements to be taxed in each of the actions.
Settle order on notice. Unless the parties are able to agree on a basis for compensating the outgoing attorney for services rendered by him in this action, the order to be entered shall provide for a hearing before this court, in courtroom No. 376, third floor, at a time to be fixed therein, so that the value of the attorney’s services may be determined.