**Ernest L. STAPLES, Joyce R. Staples, and Twix, Inc., Appellants,**

**v.**

**Mary D. McKNIGHT and McKnight & Fouts, P.C., Appellees.**

**No. 05-88-00184-CV.**

Court of Appeals of Texas, Dallas.

Dec. 30, 1988.

Rehearing Denied Feb. 10, 1989.

Kenneth R. Stein, Jerry L. Carlton, Dallas, for appellants.

Donald J. Maison, Jr., Dallas, for appellees.

Before STEPHENS, STEWART and ROWE, JJ.

ROWE, Justice.

Appellees, Mary D. McKnight and McKnight & Fouts, P.C., sued appellants, Ernest L. Staples, Joyce R. Staples, and Twix, Inc., to recover under a contingent fee agreement for legal services rendered to appellants in the course of a prior lawsuit. The trial court entered judgment on a jury verdict in favor of appellees for the full contingent fee. In their second point of error, appellants complain that the trial court erred in granting judgment for appellees because there was no evidence of just cause excusing McKnight's voluntary withdrawal from the case. For the reasons stated below, we agree that the evidence was legally insufficient. Accordingly, we reverse the trial court's judgment and render judgment that appellees take nothing from appellants.

In deciding a no evidence point, we must consider only the evidence and inferences tending to support the jury's findings and disregard all evidence and inferences to the contrary. *Alm v. Aluminum Co. of America,* 717 S.W.2d 588, 593 (Tex.1986). The record shows that in June of 1983, Staples hired McKnight to represent him in prosecuting a suit for wrongful discharge from employment against his former employer, Rutishauser of America, Inc. Staples and McKnight entered into an oral contingent fee agreement whereby McKnight would receive one-third of any recovery in the Rutishauser case after costs were deducted from the gross amount recovered. McKnight performed

various services for Staples in litigating the Rutishauser case until February of 1985. At that time, Staples and McKnight had a disagreement concerning certain anticipated testimony that Staples might have been called upon to give in his upcoming oral deposition. McKnight stopped performing services, and Staples hired another attorney who successfully settled the Rutishauser case. McKnight then demanded that Staples pay her one-third of the settlement as her fee under the agreement.

■ Although we find no reported Texas case so holding, we adopt the generally prevailing rule that in the absence of a manifest contrary intent, an attorney who is retained to conduct a legal proceeding presumably enters into a contract to conduct the proceeding to its conclusion. *Matheny v. Farley*, 66 W.Va. 680, 66 S.E. 1060, 1061 (1910). Other jurisdictions, however, allow an attorney who withdraws for a justifiable cause to recover compensation for his services. *Upgrade Corp. v. Michigan Carton Co.*, 87 Ill.App.3d 662, 43 Ill. Dec. 159, 160, 410 N.E.2d 159, 160 (1980); *Ambrose v. Detroit Edison Co.*, 65 Mich. App. 484, 237 N.W.2d 520, 523 (1975); *Stall v. First Nat'l Bank*, 375 N.W.2d 841, 845–46 (Minn.Ct.App.1985); *Schwartz v. Jones*, 58 Misc.2d 998, 297 N.Y.S.2d 275, 276 N.Y. Sup.Ct. 1969); *May v. Seibert*, 164 Va. 673, 264 S.E.2d 643, 647 (1980). On the other hand, an attorney who abandons a case without just cause before completing the task for which his client hired him breaches his contract of employment and forfeits all right to compensation. *Royden v. Ardoin*, 160 Tex. 338, 331 S.W.2d 206, 209 (1960);

*accord In re Thomasson's Estate*, 346 Mo. 911, 144 S.W.2d 79, 83 (1940); *Schwartz*, 297 N.Y.S.2d at 276; *May*, 264 S.E.2d at 647. The critical question, then, is did McKnight have just cause to withdraw.[1]

■ McKnight alleges that she voluntarily withdrew from the Rutishauser case when Staples indicated that he would deny responsibility for "turning in" Rutishauser to the IRS in his upcoming oral deposition. McKnight considered this anticipated testimony to be untruthful as revealed by her testimony:

Q. Did Mr. Staples in December of 1984 represent to you that his testimony would be other than truthful in his oral deposition?

A. He did.

   *    *    *    *    *    *

Q. Can you tell the Jury what he stated to you that would have been untruthful?

A. In relation to the issue of whether or not he was the person responsible for turning the Rutishausers in to the IRS, Mr. Staples said to me, quote, "I will deny it", unquote.

Q. What did you say to him when he said that to you?

A. I said to Mr. Staples: I cannot let you do that. I know that you did. Ken Butler knows you did. Louis Carrillo knows you did. I sat there with you while the bounty was discussed. The people in the 193rd are aware that you did. I cannot let you do that.[2]

McKnight contends that the Code of Professional Responsibility required her to

1. We agree with the Supreme Court of Appeals of West Virginia that "No general rule can be laid down by which it can, in all cases, be determined what cause will be sufficient to justify an attorney in abandoning a case in which he has been retained." *Matheny*, 66 S.E. at 1061; *see generally* Annotation, *Circumstances under Which Attorney Retains Right to Compensation Notwithstanding Voluntary Withdrawal from Case*, 88 A.L.R.3d 246–269 (1978) (describing causes that different jurisdictions have held will justify an attorney to withdraw while retaining a right to compensation). We note that certain causes justifying an attorney's voluntary withdrawal are set forth in our Code of Profes-

sional Responsibility. *See* SUPREME COURT OF TEXAS, RULES GOVERNING THE STATE BAR OF TEXAS art. XII, § 8 (Code of Professional Responsibility) DR 2–110(B) & (C) (1973).

2. The record discloses that Ken Butler was Rutishauser's accountant when the tax issue arose and that Louis Carrillo was the IRS special agent assigned to the Rutishauser case. Although both were questioned about it, neither testified that Staples claimed, was entitled to, or received a bounty.

withdraw from representing Staples because it was obvious to her that Staples intended to give untruthful testimony in his deposition.[3] We agree that a client's intention to give perjured testimony provides just cause for an attorney to withdraw. The burden is upon the attorney, however, to establish the falsity of the testimony threatened to be given, and such burden was not met in this case.

■ The only perjury at issue herein is that Staples said he would deny that he was "responsible" for "turning in" Rutishauser to the IRS. The record discloses no other statement that Staples intended to give in his oral deposition that McKnight considered untruthful. In testing the untruth of this statement, we note initially that the terms "responsible" and "turning in" apply secondarily to underlying facts and are therefore conclusory. Thus, under the facts of this case, Staples' denial can be untruthful only if he intentionally misstated his true opinion as to the effect of his conduct or if the evidence established that the opinion he professed was against all reason. *See Gibson v. State,* 15 S.W. 118, 119 (Tex.Ct.App.1890). Staples' denial cannot be deemed to be untruthful merely because some of the underlying facts suggest that his opinion was not the best. Similarly, it cannot be deemed to be untruthful because McKnight held a different opinion based upon what she knew, where the underlying facts establish as a matter of law that Staples' opinion was not against all reason. In short, one does not commit perjury by expressing an honest albeit a bad opinion. *See Savage v. Herrin Transfer & Warehouse Co.,* 219 S.W.2d 101, 103 (Tex.Civ.App.—Galveston 1949, no writ); *see generally,* 70 C.J.S. *Perjury* § 7 (1987).

Staples admitted at trial his involvement with the IRS respecting the Rutishauser matter. There is no evidence, however, that he ever characterized this involvement as making him "responsible" for "turning in" Rutishauser, or that he took any action tending to negate his asserted position that he lacked such responsibility. Further, although both Butler and Carrillo testified at trial, neither witness gave any testimony from which the jury could reasonably have inferred that Staples had concluded that he *was* "responsible" for "turning in" Rutishauser. Because of federal law, Carrillo was restricted from expressing any opinion on the subject. Butler expressly denied that he himself characterized Staples' actions as "turning in" Rutishauser. This is significant because Butler was present when Staples, accompanied by McKnight, met with agent Carrillo for the first time. Butler even testified that he had anonymously contacted the IRS concerning the Rutishauser tax issue long before Staples became involved with the IRS investigation.

After a careful review of the record, we find no probative evidence from which the jury could have determined that Staples intended to give perjured testimony in his deposition. Since McKnight advanced no other just cause as the reason for her withdrawal, we conclude that there is no evidence tending to support the jury's finding that McKnight withdrew from representing appellants with just cause or legal excuse. Accordingly, we sustain appellants' second point of error.

Since appellants' second point of error is dispositive of this appeal, we need not address their remaining points of error or appellee's cross-points. We reverse the tri-

---

**3.** We do not agree that our Code of Professional Responsibility *requires* an attorney to withdraw when her client intends to give untruthful testimony. In matters pending before a court, the attorney *may* request the tribunal's permission to withdraw if her client intends to commit perjury. *See* SUPREME COURT OF TEXAS, RULES GOVERNING THE STATE BAR OF TEXAS art. XII, § 8 (Code of Professional Responsibility) DR 2–110(C)(1)(b) (1973). Prior to

requesting permission to withdraw, an attorney should first warn her client that he must testify truthfully and that in the event he does perjure himself, the attorney will have to bring the matter to the court's attention and ask permission to withdraw. Tex.Comm. on Professional Ethics, Op. 442, 50 TEX.B.J. 766 (1987). We agree, however, that an attorney *may* withdraw if her client intends to commit perjury.

al court's judgment and render judgment that appellees take nothing from appellants.

STEPHENS, J., dissents.

STEPHENS, Justice, dissenting.

I cannot agree with the majority's opinion. The facts as recited by the author are sufficient to uphold the jury's finding that McKnight's voluntary withdrawal should be excused.

As stated in the majority opinion, when a no evidence point is at issue, we must only consider the evidence and inferences which tends to support the jury's findings and disregard all evidence to the contrary. *Alm v. Aluminum Co. of America,* 717 S.W.2d 588, 593 (Tex.1986). The majority has quoted McKnight's testimony that Staples indicated that he would testify untruthfully in an upcoming deposition. McKnight further testified that she attempted to dissuade the untruthful testimony. I cannot agree that, in view of this evidence, there was no evidence to justify the jury's finding. Accordingly, I would affirm the judgment of the trial court.