# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Genesis Capital, Ltd. Partnership, a**
**West Virginia Limited Partnership,**
**Plaintiff Below, Petitioner**

**vs)  No. 18-0147** (Kanawha County 12-C-669)

**Ralph Hoyer, individually, and**
**Hoyer, Hoyer & Smith, PLLC,**
**a West Virginia Legal Corporation,**
**Defendants Below, Respondents.**

**FILED**

**March 11, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Genesis Capital, Ltd. Partnership, by counsel Thomas E. Scarr and Sarah A. Walling, appeals the order of the Circuit Court of Kanawha County entered January 18, 2018 that granted respondents' motion for sanctions pursuant to Rule 11 of the West Virginia Rules of Civil Procedure. Respondents Ralph Hoyer, and Hoyer, Hoyer & Smith, PLLC, by counsel David D. Johnson, III, filed a response to which petitioner filed a reply brief.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the circuit court erred in awarding attorney's fees that contained duplicate billing entries. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is affirmed, in part, and reversed, in part, and this case is remanded to the circuit court for further proceedings consistent with this decision.

Respondent Ralph Hoyer represented Dr. Adla Adi ("Dr. Adi") and St. Francis West Health Care, Inc., ("St. Francis") in procuring a series of loans from Petitioner Genesis Capital, Ltd. Partnership ("Genesis"). According to Genesis, the purpose of the loans was to purchase medical equipment to be used by Dr. Adi and St. Francis.  In December of 2007, Genesis loaned $73,500 to Dr. Adi and St. Francis, and respondents were tasked with preparing the transactional documents and UCC filings necessary to perfect Genesis's interest in the equipment to be purchased. Respondents performed these functions for the 2007 loan. In 2008, Dr. Adi and St. Francis obtained another loan from Genesis in the amount of $150,000 to purchase additional equipment. Respondents again agreed to prepare the required transactional documents and UCC filings. However, Dr. Adi did not purchase equipment, and instead purchased a condominium in Florida. Respondents filed the mortgage instrument for the condominium, but did not file any UCC documents. Dr. Adi subsequently filed for bankruptcy, and Genesis was unable to recover its

1

interest in the 2008 loan.

Genesis drafted a complaint against respondents, and forwarded a copy of a draft of the complaint to respondents' counsel. The complaint alleged that respondents owed a duty to Genesis or were dual agents of Genesis and Dr. Adi and alleged counts of (1) detrimental reliance on respondents' representations; (2) fraud; (3) breach of fiduciary duty; (4) breach of contract; (5) negligent failure by respondents to exercise their duties as broker, attorney and fiduciary; and (6) legal malpractice. Respondents' counsel responded by letter dated August 17, 2011, requesting information and documents to support the allegations in the complaint, and cautioning that if the complaint were filed, it would be in violation of Rule 11 of the West Virginia Rules of Civil Procedure. On April 16, 2012, Genesis filed a complaint against respondent. The filed complaint omitted the cause of action for legal malpractice.

By letter dated September 7, 2012, respondents' counsel explained that Genesis's claims were not supported by relevant facts and controlling law, and strongly urged Genesis to voluntarily dismiss the complaint. The letter further stated that if Genesis did not withdraw the complaint, respondents intended to move the court for sanctions in the form of attorney's fees and costs. Genesis chose not to withdraw its complaint, and respondents' counsel drafted a motion for sanctions and delivered a copy of the motion to Genesis's counsel, warning that if Genesis did not withdraw the complaint within twenty-one days, then respondents intended to file a motion for sanctions with the circuit court. Genesis refused and respondents filed a motion for sanctions on January 7, 2013. Following a brief discovery period, on October 1, 2013, respondents filed a motion for summary judgment, and on March 21, 2017[1], Senior Status Judge John L. Cummings, who was appointed following recusals by all of the Kanawha County Circuit Court judges, entered an order granting the motion for summary judgment. Genesis did not appeal the summary judgment order.

Respondents renewed their motion for sanctions on April 6, 2017, and a hearing on that motion was heard before the Honorable Joanna Tabit[2] on November 17, 2017. At the hearing, the court took note of the procedural history of the case, including the fact that respondents' counsel requested that Genesis voluntarily dismiss the complaint on two occasions, and that, on the second occasion, respondents' counsel carefully outlined the reasons why Genesis's claims were without merit. The circuit court also noted that, after respondents' counsel delivered a draft of their motion for sanctions to Genesis, requesting that Genesis dismiss the matter within twenty-one days, that Genesis again refused to dismiss the claim. The circuit court also found that the summary judgment order entered by Judge Cummings embraced the factual and legal arguments presented by respondents' counsel, in their entirety.

During the hearing, the circuit court asked Genesis's counsel what information they

[1] The record is silent as to the reason for the four year delay between the filing of the motion for summary judgment and the entry of the order granting summary judgment.

[2] Following the entry of the March 21, 2017, order granting summary judgment Judge Cummings was relieved of this matter. The matter was re-assigned to Judge Tabit.

2

possessed that led them to believe that the complaint was supported by the facts and law. Genesis's counsel asserted that they were not permitted sufficient opportunity to discover evidence that may have demonstrated their claims, and advised the court that Genesis's former counsel was convicted of income tax evasion and disbarred by this Court. The circuit court found that Genesis's counsel failed to explain how additional discovery would have supported Genesis's claims, and that Genesis's counsel was unable to articulate facts to support Genesis's claims for detrimental reliance, fraud, breach of fiduciary duty, breach of contract, and negligence. Also during the hearing, when counsel for Genesis conceded that there was no attorney-client relationship between respondents and Genesis, the circuit court concluded that "the [underlying] civil action constituted an improper attempt by Genesis to recoup from Dr. Adi's lawyers the loaned funds which Dr. Adi failed to repay."

On December 20, 2017, following the hearing, but prior to the entry of the circuit court's order, Genesis filed a Motion Requesting Additional Time, arguing that new counsel was retained and needed additional time to review the file and respond appropriately to the motion for sanctions. The circuit court denied the request for additional time by order entered January 18, 2018. In a separate order entered January 18, 2018, the circuit court granted the motion for sanctions finding that, at the time the complaint was filed, the allegations were not "warranted by existing law or by a non-frivolous argument for the extension, modification or reversal of existing law or the establishment of new law. . ." As a result, the circuit court ordered that Genesis pay attorney's fees and costs in the amount of $85,078.70. Genesis now appeals.

Genesis alleges three assignments of error on appeal. Genesis complains that the circuit court erred by (1) imposing an incorrect standard of review in evaluating respondents' motion for sanctions, and in imposing Rule 11 sanctions; (2) denying Genesis a "reasonable opportunity to be heard" before imposing Rule 11 sanctions; and (3) entering respondent's proposed order granting fees without regard to Genesis's objections that respondents' counsel's billable hours were excessive, and contained duplicate billing entries.

A trial court's assessment of sanctions is reviewed under an abuse of discretion standard:

> The West Virginia Rules of Evidence and the West Virginia Rules of Civil Procedure allocate significant discretion to the trial court in making evidentiary and procedural rulings. Thus, rulings on the admissibility of evidence and the appropriateness of a particular sanction for discovery violations are committed to the discretion of the trial court. Absent a few exceptions, this Court will review evidentiary and procedural rulings of the circuit court under an abuse of discretion standard.

Syl. Pt. 1, *McDougal v. McCammon*, 193 W. Va. 229, 455 S.E.2d 788 (1995). Further,

> An important purpose of Rule 11 of the *West Virginia Rules of Civil Procedure* is to prevent frivolous lawsuits or lawsuits filed for an improper purpose. "The purpose of Rule 11 and Rule 37 of the West Virginia Rules of Civil Procedure is to allow trial courts to sanction parties who do not meet minimum standards of conduct in a variety of circumstances." *Bartles v. Hinkle,* 196 W.Va. at 389, 472 S.E.2d at 835. Rule 11 with its possible sanctions "deters much frivolous litigation

3

(thereby conserving judicial resources), compensates the victims of vexatious litigation, and educates the bar about appropriate standards of conduct." Alan E. Untereiner, Note, *A Uniform Approach to Rule 11 Sanctions,* 97 Yale Law Journal 901, 902 (1988) (footnotes omitted).

*Davis ex rel. Davis v. Wallace,* 211 W. Va. 264, 267, 565 S.E.2d 386, 389 (2002). With these standards in mind, we consider Genesis's assignments of error.

Genesis first argues that the circuit court erred in granting sanctions, and that summary judgment does not automatically entitle a party to sanctions pursuant to Rule 11 of the West Virginia Rules of Civil Procedure. Genesis asserts that the relevant inquiry is "whether the pleader presented an objectively reasonable argument in support of his or her view of the law." Respondents counter that the circuit court has authority to impose sanctions in instances where one files a civil complaint against another with knowledge that the complaint lacks a factual or legal foundation. We have held that,

> "[a] court may order payment by an attorney to a prevailing party reasonable attorney fees and costs incurred as the result of his or her vexatious, wanton, or oppressive assertion of a claim or defense that cannot be supported by a good faith argument for the application, extension, modification, or reversal of existing law." Syllabus, *Daily Gazette Co., Inc. v. Canady,* 175 W.Va. 249, 332 S.E.2d 262 (1985).

Syl. Pt. 2, *Davis*. In addition,

> "[i]n formulating the appropriate sanction, a court shall be guided by equitable principles. Initially, the court must identify the alleged wrongful conduct and determine if it warrants a sanction. The court must explain its reasons clearly on the record if it decides a sanction is appropriate. To determine what will constitute an appropriate sanction, the court may consider the seriousness of the conduct, the impact the conduct had in the case and in the administration of justice, any mitigating circumstances, and whether the conduct was an isolated occurrence or was a pattern of wrongdoing throughout the case."

Syl. Pt. 3, *id*.

Here, the circuit court found that the factual allegations in the complaint lacked evidentiary support within the meaning of Rule 11(b)(3), as the viability of the claims rested on Genesis's ability to show that respondents owed a duty to Genesis. In imposing the sanction, the court noted that Genesis's counsel's initial draft of the complaint in this matter included a count for legal malpractice and "explicitly alleged that 'Mr. Hoyer developed an attorney-client fiduciary relationship' with [Genesis.]" However, after respondents' wrote to Genesis's counsel asking for proof of this fiduciary relationship, Genesis abandoned its legal malpractice claim, and removed the allegation that an attorney-client relationship existed. Nonetheless, Genesis continued to allege that there was a "de facto" attorney-client relationship between it and respondents. The court also found that "it is horn-book law that - except in rare cases - an attorney owes a professional duty only to his client" and that the suit was filed with the "ulterior motive of collecting funds lost by

4

Genesis to Dr. Adi through no fault of Mr. Hoyer and his firm." The circuit court further found, pursuant to *Davis*, that the impact of the filing of the complaint was to "(a) subject respondents to the financial and emotional burden of having to defend against a complaint which was entirely spurious; and (b) to divert the court's attention from other legal matters which were legitimate."

We agree. It is well settled that a fiduciary relationship between an attorney and a client begins "once an attorney decides to acquiesce in the establishment of the attorney-client relationship as evidenced by a retainer agreement, whether oral or written." *May v. Siebert*, 164 W. Va. 673, 680 264 S.E.2d 643, 647 (1980) (internal citation omitted). At the time of the filing of the complaint Genesis possessed no proof to establish that an attorney-client relationship existed between respondents and Genesis. Further, prior to the imposition of sanctions, Genesis had ample opportunity to voluntarily dismiss the spurious complaint, as Genesis was warned that its claims were unfounded, and was served with proper notice that respondents would seek sanctions pursuant to Rule 11(c) of the West Virginia Rules of Civil Procedure. Nonetheless, Genesis knowingly chose not to dismiss the complaint. Accordingly, we find that the circuit court properly considered whether Genesis's wrongful conduct warranted sanctions, and did not abuse its discretion in awarding the same under Rule 11.

Next, Genesis argues that it was not afforded an opportunity to be heard on the issue of sanctions before the circuit court imposed them. Genesis explains that it hired its appellate counsel after the conclusion of the November of 2017 hearing, and complains that the circuit court would not allow any meaningful argument of the underlying facts, because it found that the factual issues were resolved at the summary judgment stage. Apart from complaining that the circuit court would not allow Genesis to re-litigate the issue of whether a fiduciary relationship existed between Genesis and respondents, Genesis provides no support for its argument. In the absence of supporting authority, we decline further to review this alleged error because it has not been adequately briefed. *See State v. LaRock,* 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing [which] are not supported with pertinent authority, are not considered on appeal." (Citation omitted)).

Genesis also complains that respondents' counsel billed sixty-two hours for the preparation of an answer to Genesis's complaint, and twelve hours in the pursuit of a ruling on the summary judgment motion. Genesis complains that these hours are excessive.

> "Where attorney's fees are sought against a third party, the test of what should be considered a reasonable fee is determined not solely by the fee arrangement between the attorney and his client. The reasonableness of attorney's fees is generally based on broader factors such as: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Syl. Pt. 4, *Aetna Cas. & Sur. Co. v. Pitrolo*, 176 W.Va. 190, 342 S.E.2d 156 (1986).

Syl. Pt. 10, *W. Va. Dep't of Transp., Div. of Highways v. Newton*, 238 W. Va. 615, 797 S.E.2d 592 (2017). Further, "[t]here is authority in equity to award to the prevailing litigant his or her reasonable attorney's fees as 'costs,' without express statutory authorization, when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons." Syl. Pt. 3, *Sally-Mike Properties v. Yokum*, 179 W. Va. 48, 365 S.E.2d 246 (1986). Here, the circuit court found that respondents' counsel billed his time at the rate of $180 per hour from the inception of the matter in 2011, until the final hearing. Further, the circuit court took judicial notice that the hourly billing rate applied by respondents' counsel was "extremely reasonable" for an attorney of respondents' counsel's experience. In light of the fact that this litigation, involving a spurious and unfounded complaint, took approximately seven years to complete, Genesis has not provided any evidence or authority to support its assertion that the complained-of hours are unreasonable. Accordingly, we find that the circuit court did not abuse its discretion in awarding a fee for the hours.

Finally, Genesis alleges that the circuit court improperly disregarded Genesis' objections to the final order regarding the award of attorneys' fees and costs. Specifically, Genesis objects to duplicate billing entries, asserting that respondents' counsel submitted identical invoices in the amount of $999 for work performed on January 27-28, 2017, and January 31-February 1, 2017. Respondents concede that they did not object to reducing the fee by $999, but assert that it appears that the circuit court chose not to reduce the fee, and argues that this is reasonable. We have held that,

> ""'[T]he trial [court] . . . is vested with a wide discretion in determining the amount of . . . court costs and counsel fees, and the trial [court's] . . . determination of such matters will not be disturbed upon appeal to this Court unless it clearly appears that [it] has abused [its] discretion." Syllabus point 3, [in part,] *Bond v. Bond*, 144 W.Va. 478, 109 S.E.2d 16 (1959). Syl. Pt. 2, [in part,] *Cummings v. Cummings*, 170 W.Va. 712, 296 S.E.2d 542 (1982) [(per curiam)]. Syllabus point 4, in part, *Ball v. Wills*, 190 W.Va. 517, 438 S.E.2d 860 (1993). Syl. pt. [2], *Daily Gazette Co., Inc. v. West Virginia Dev. Office,* 206 W.Va. 51, 521 S.E.2d 543 (1999). Syllabus point 1, *Hollen v. Hathaway Electric, Inc.*, 213 W.Va. 667, 584 S.E.2d 523 (2003) (per curiam).' Syl. Pt. 3, *Shafer v. Kings Tire Serv., Inc.*, 215 W.Va. 169, 597 S.E.2d 302 (2004)." Syl. Pt. 3, *Carper v. Watson*, 226 W.Va. 50, 697 S.E.2d 86 (2010).

Syl. Pt. 1, *Newton*.

With respect to the duplicate billing entries we find that the circuit court abused its discretion, because respondents conceded to the error in billing. Accordingly, we reverse the order of the circuit court, and remand with instructions for the circuit court to reduce that portion of the sanctions that represents duplicate billing entries for the dates of January 27-28, 2017, and January 31-February 1, 2017.

For the foregoing reasons, we affirm, in part, and reverse, in part, and remand to the circuit court with directions.

Affirmed, in part, reversed, in part, and remanded with directions.

6

**ISSUED:** March 11, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison