In the

# United States Court of Appeals
## For the Seventh Circuit

---

Nos. 14-3087, 14-3489 & 15-1065

VENISCIA HUMPHREY, parent and next friend of Teniscia Humphrey-Lee,

*Plaintiff-Appellee,*

*v.*

UNITED STATES OF AMERICA,

*Defendant.*

Appeal of TERRENCE LEE

---

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 10 C 3327 — **Manish S. Shah**, *Judge.*

---

ARGUED MAY 19, 2015 — DECIDED MAY 22, 2015

---

Before POSNER, EASTERBROOK, and MANION, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Veniscia Humphrey brought this suit under the Federal Tort Claims Act on behalf of her daughter Teniscia Humphrey-Lee, alleging that medical malpractice during Teniscia's birth in 2008 left her perma-

nently disabled. Teniscia's father Terrence Lee participated in the litigation (at least, a lawyer observed on his behalf) but did not ask to be joined as a party under Fed. R. Civ. P. 19. (Humphrey and Lee are not married; Teniscia lives with her mother, but both parents are Teniscia's legal custodians.) The case was settled for approximately $13 million, used to buy an annuity to provide care over the course of Teniscia's life. Arlette Porter, who represents Lee, demanded a share of the 25% contingent fee that had been negotiated between Humphrey and her lawyer, who opposed this request, observing among other things that (a) Lee was not a party to the case, and (b) Porter had not performed any of the legal work that led to the settlement.

Settlement was reached in January 2014. Only later did Lee move to file an amended complaint naming himself as a plaintiff, apparently for the sole purpose of opening the door to Porter's claim for attorneys' fees. The district court denied Lee's motion, stating that Lee not only had approved the January settlement but also had not filed an administrative claim, as the FTCA requires, and therefore could not be a plaintiff. 2014 U.S. Dist. LEXIS 105680 (N.D. Ill. July 24, 2014). Nine months after the settlement (and a few weeks after the suit had been dismissed on Humphrey's motion), Lee filed a motion to intervene, again with the goal of bolstering Porter's quest for fees. On October 24, 2014, the district court denied that motion as untimely. Porter then filed a motion seeking fees notwithstanding Lee's non-party status; that motion was denied on January 7, 2015. Lee has filed three appeals, one from each order. The only one of these that requires discussion is the appeal from the denial of the motion to intervene, because if Lee is not a party then neither of the other orders is open to question—and neither was a final de-

cision with respect to Lee, as 28 U.S.C. §1291 requires. (Porter might have been entitled to appeal the order denying her request for attorneys' fees, but she did not do so; Lee is the only appellant.)

This suit was filed in 2010. Lee contends that he did not know about the suit until 2012. We may suppose that this is so and that he should have been notified earlier. (Humphrey contends that Lee *was* notified earlier, before the suit began, and declined to participate. We need not decide who is correct.) Still, when Porter began to monitor proceedings in 2012, she did not ask the court to order Lee's joinder under Rule 19, nor did Lee file a motion to intervene. Porter also neglected to file an administrative FTCA claim on Lee's behalf. At oral argument, Porter asserted that she thought that Lee had become a party automatically because she attended depositions and judicial hearings, but that is not how federal litigation works. It takes a formal step—such as joinder under Rule 19 or intervention under Rule 24—to add a party.

By the time Porter realized the need for formalities, the case had been settled (with Lee's approval) and the only issue concerned whether Porter would receive a portion of the fee provided by the contract between Humphrey and her lawyer. A district judge does not abuse his discretion by deeming untimely a post-judgment effort to intervene for the purpose of adding a new issue. Would-be parties cannot watch the litigation proceed for years and then jump in after its end. See, e.g., *Heartwood, Inc. v. United States Forest Service*, 316 F.3d 694, 701 (7th Cir. 2003).

If Porter has a claim to a share of the fees as a matter of quantum meruit, the right forum would have been state court. This federal suit ended when it was dismissed as part

of the settlement. Porter needed an independent basis of federal jurisdiction in order to continue a post-dismissal battle. See, e.g., *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375 (1994); *Peacock v. Thomas*, 516 U.S. 349 (1996). But Humphrey, Lee, and their lawyers are citizens of Illinois, and the allocation of fees is not a federal question just because the underlying litigation is federal. See *Gunn v. Minton*, 133 S. Ct. 1059 (2013) (discussing malpractice, but the principle is equally applicable to disputes about fees).

The supplemental jurisdiction sometimes permits a district court to resolve a fee dispute between the litigant and her lawyer, see *Goyal v. Gas Technology Institute*, 718 F.3d 713, 717 (7th Cir. 2013), because the resolution affects the prevailing party's net recovery, but here the only remaining fight pits one lawyer against another and cannot affect Teniscia's gross or net recovery. Nor can resolution be supported by a retention of jurisdiction in the district court's order dismissing the suit; there was no such retention. Cf. *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299–1301 (7th Cir. 1995). We have not found a decision holding that a fee dispute between counsel for a party and counsel for a non-party is part of the original case or controversy for the purpose of 28 U.S.C. §1367(a). This implies that the district court could not have allowed intervention even on a timely motion; but, as the motion was denied, we need not consider how far the supplemental jurisdiction might stretch.

The judgment of the district court denying the motion for leave to intervene is affirmed. The other two appeals (Nos. 14-3087 and 15-1065) are dismissed for want of jurisdiction.